# WILLKIE FARR & GALLAGHER LLP

333 Bush St
San Francisco, CA 94104
Tel: 415 858 7400
Fax: 415 858 7599

March 4, 2024

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc., et al.*, 1:24-cv-01120-KPF
     Urgent Request for Clarification of Order Issued on March 1, 2024

To the Honorable Katherine Polk Failla:

We are counsel for Petitioners GEM Global Yield LLC SCS and GEM Yield Bahamas Limited ("Petitioners"). We write to respectfully request clarification regarding the Order issued by Your Honor dated March 1, 2024, and entered on the docket today (Dkt. No. 41). In this action, Petitioners have filed two different applications to confirm two different arbitration awards arising from the same arbitration between the parties, *GEM Yield Bahamas Limited and GEM Global Yield LLC SCS v. Mullen Technologies, Inc. and Mullen Automotive, Inc.*, AAA Case No. 01-21-0016-7001 (the "Arbitration"). The Court's Order only directly addresses one of those two.

### 1. Application No. 1: Interim Measures Arbitration Award

On February 15, 2024, Petitioners filed an Application to Confirm and Enter Judgment on Interim Measures Arbitration Award ("Interim Measures Application"). *See* Dkt. No. 1.[1] The underlying award

---

[1] The redacted version of the Interim Measures Application can be found at Dkt No. 1. The sealed version of the Interim Measures Application was filed in Case No. 1:24-mc-00067, pursuant to this Court's Electronic Case Filing Rules & Instructions, Rule 6.14. Petitioners filed a letter motion to provisionally seal the Interim Measures Application and its accompanying Memorandum of Law and Declaration, which Judge Engelmayer approved and ordered on February 14, 2024. Petitioners then initiated this action.

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
March 4, 2024

sought to be confirmed is an interim measures nondomestic arbitration award issued by the Arbitrator in the Arbitration on January 24, 2024 (the "Interim Measures Order"). The Interim Measures Order required Respondents to deposit $24,114,921 into an escrow account on or before **March 9, 2024**.

In support of the Interim Measures Application, Petitioners filed supporting papers (Dkt. No. 4-7). These filings followed Mullen Automotive Inc.'s filing of a Form 10-Q on February 13, 2024, in which it stated that it was "immediately filing an action in the United States District Court for the Central District of California contesting the arbitrator's [Interim Measures Order]."[2] On Friday, February 16, 2024, Petitioners served the Respondents Mullen Technologies, Inc. and Mullen Automotive, Inc. ("Respondents").

Pursuant to Local Rule 6.1(b), Respondents' response papers were due March 1, 2024 and Petitioners' reply papers (if any) by March 8, permitting the Interim Measures Application to be fully briefed before the March 9 deadline in the Interim Measures Order. On March 1, Respondents filed an opposition to the Interim Measures Application and cross motion to vacate (Dkt. No. 32), as well as accompanying papers (Dkt. Nos. 31, 33-40).

### 2. Application No. 2: Partial Final Award

On February 23, 2024, Petitioners filed an Application to Confirm and Enter Judgment on Partial Final Award ("PFA Application") (Dkt Nos. 17 and 18), along with supporting papers (Dkt. Nos. 16, 19-23). The PFA Application seeks to confirm the partial final award issued by the Arbitrator on November 13, 2023, 2024 (the "PFA"). The PFA was issued as a final award on the question of Respondents' liability, following an agreement between the parties to bifurcate the Arbitration into a liability and damages phase.

### 3. Request for Clarification on Scope of March 1 Order

It is not clear whether this Court's March 1 Order applies to both the Interim Measures Application and the PFA Application, or just the PFA Application. The Order references Dkt. No. 1, but it only instructs the Clerk to terminate the pending motions at docket number 17 and 18.[3] Petitioners understand that the March 1 Order directs the PFA Application to be re-filed as a motion for summary judgment. Petitioners respectfully request that the Court clarify whether the Interim Measures Application (Dkt No. 1) (and Respondents' opposition and cross-motion) should also be re-filed along with new accompanying papers.

Given the March 9 deadline in the Interim Measures Order, Petitioners respectfully suggest the Interim Measures Application not be ordered re-filed: Respondents have already filed their opposition papers

---

[2] As of the filing of this letter, Petitioners are not aware of any action in the United States District Court for the Central District of California or any other district that has been filed by Respondents to contest the Arbitrator's Interim Measures Order.

[3] On March 1, 2024, we received an email from Your Honor's law clerk Ms. Doumani, attaching an Order Converting Arbitral Award Case to MSJ. That Order is very similar to the Order at Dkt. 41, except that the March 1 emailed Order directed the clerk to terminate the pending motions at docket numbers 17, 18, and 32.

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
March 4, 2024                                                                                        - 3 -

and Petitioners' reply in support of the Interim Measures Application would be due on March 8, 2024, allowing the Court to issue an order confirming the Interim Measures Order in close proximity to Respondents' March 9 deadline to deposit the money in escrow. However, if the parties are ordered to re-file these motions pursuant to the briefing schedule in the Court's Order, given Mullen Automotive, Inc.'s statement that it will be contesting the Interim Measures Order (and Respondents' subsequent filing of the Cross-Motion to Vacate), both of which suggest that Respondents do not intend to comply with the March 9 deadline ordered by the Arbitrator, that would change the nature of Petitioners' re-filed motion and relief sought.

Petitioners are available for a conference on this issue at the Court's convenience should Your Honor wish to hold one.

Respectfully submitted,


*/s/ Jonathan A. Patchen*

Jonathan A. Patchen