**WILLKIE FARR & GALLAGHER** LLP

333 Bush St
San Francisco, CA 94104
Tel: 415 858 7400
Fax: 415 858 7599

April 5, 2024

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc., et al.*, 1:24-cv-01120-KPF

Your Honor:

I write on behalf of Petitioners GEM Global Yield LLC SCS and GEM Yield Bahamas Limited ("GEM") in the above-captioned action regarding the status of the stay of enforcement of the Interim Measures Award issued by Your Honor on March 5, 2024. Dkt. 44.

The Arbitrator in the Interim Measures Award found the escrow deposit to be urgent and necessary, and ordered it to be completed by March 9, 2024. Petitioners similarly thought it urgent and thus sought confirmation of the Interim Measures Award more than three weeks before the March 9 deadline. *See* Dkt. 1. On March 5, this Court issued an order that "confirm[ed] that enforcement of the Interim Award is STAYED until the Court can hear from the parties at the conference scheduled on March 21, 2024." At the March 21 conference, the Court ordered Mullen to have the funds identified in the Interim Measures Award available pending the Court's decision and it permitted supplemental briefing on or before March 29, 2024; there was no discussion of the continuing status of the stay.

Whether the March 5 stay remains in place is now an issue within the Arbitration. In particular, on March 11, 2024, Petitioners informed Arbitrator Mark Morril that Mullen Automotive had not completed the deposit as ordered by the Arbitrator in the Interim Measures Award. They provided background to the Arbitrator and indicated to the Arbitrator that the Court's stay of enforcement precluded Petitioners from seeking appropriate remedies for non-compliance within the Arbitration.

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
April 5, 2024

They reserved rights to seek such remedies if and when the stay was lifted. *See* Exhibit A, hereto. This Wednesday, April 4th, Arbitrator Mark Morril emailed the parties to the Arbitration asking them to confirm, by next Monday, April 8th, that the record in the Arbitration is closed. *See* Exhibit B. In doing so, the Arbitrator expressly acknowledged Petitioners' March 11 submission and reservation and inquired whether such a motion would be filed before the record is closed. *See id*.

      Petitioners' overriding objective is to obtain the Final Arbitration Award on or about the April 30 deadline and to obtain prompt confirmation and enforcement of the Interim Measures Award from this Court. And they do not, by this request, intend to jeopardize either of those. But given the urgent need for the escrow deposit and the fact that nearly a month has passed from the Arbitrator's deadline to complete the deposit, Petitioners may also wish to seek remedies from the Arbitrator, especially to the extent Petitioners have been prejudiced by the delay. But whether they could or would so seek turns on both this Court's ultimate decision as to the confirmation of the Interim Measure Award and, relatedly, whether the stay remains in effect pending that decision. Accordingly, Petitioner respectfully requests that the Court clarify whether the March 5 stay remains in effect. And they would welcome any other guidance the Court might be able to provide so that Petitioners can fully and timely respond to Arbitrator Morril's request.

Respectfully submitted,

*/s/ Jonathan A. Patchen*

Jonathan A. Patchen

Exhibits

cc: Counsel of Record via ECF