UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEM YIELD BAHAMAS LIMITED and GEM GLOBAL YIELD LLC SCS,<br><br>  Petitioners,<br><br>vs.<br><br>MULLEN TECHNOLOGIES, INC. and MULLEN AUTOMOTIVE, INC.,<br><br>  Respondents. | Case No. 1:24-cv-01120-KPF<br><br>Related Case No. 1:23-cv-11268-KPF |

**PETITIONERS' AND RESPONDENTS' JOINT RULE 56.1 STATEMENT
OF UNDISPUTED MATERIAL FACTS REGARDING PETITIONERS' MOTION
FOR SUMMARY JUDGMENT TO CONFIRM INTERIM MEASURES
ORDER AND RESPONDENTS' OPPOSITION AND CROSS-MOTION FOR
SUMMARY JUDGMENT TO VACATE INTERIM MEASURES ORDER**

Pursuant to this Court's April 8, 2024 Order (*see* ECF No. 56), and in accordance with Local Rule 56.1, Petitioners GEM Yield Bahamas Limited and GEM Global Yield LLC SCS (collectively, "GEM" or "Petitioners") and Respondents Mullen Automotive, Inc. ("MAI") and Mullen Technologies, Inc. ("MTI," and together with MAI, "Respondents") submit the following statement of undisputed material facts in connection with Petitioners' Motion for Summary Judgment to Confirm the interim measures nondomestic arbitration award issued on January 24, 2024 (the "Interim Measures Order") in the proceeding captioned *GEM Yield Bahamas Limited and GEM Global Yield LLC SCS v. Mullen Technologies, Inc. and Mullen Automotive, Inc.*, AAA Case No. 01-21-0016 (the "Arbitration") and Respondents' Opposition and Cross-Motion for Summary Judgment to Vacate the Interim Measures Order. This statement is accompanied by and filed simultaneously with a Joint Appendix of Exhibits (the "Appendix" or "App.").[1]

---

[1] The Parties note that some of the Exhibits included in the Appendix are already in the record in this

**UNDISPUTED MATERIAL FACTS**

**The Parties**

1. Petitioner GEM Yield Bahamas Limited is a limited company formed under the laws of the Commonwealth of the Bahamas and maintains its principal place of business at CUB Financial Centre, Unit GF5, Lyford Cay, Nassau, Commonwealth of the Bahamas.

2. Petitioner GEM Global Yield LLC SCS is a "société en commandite simple" formed under the laws of Luxembourg whose registered office is 12C Rue Guillaume Kroll, L-1882, Luxembourg.

3. Respondent MTI is currently a privately held company incorporated and headquartered in Brea, California.

4. Respondent MAI is a public automotive and electric vehicle manufacturer incorporated in Delaware and headquartered in Brea, California.

5. In November 2021, Mullen Automotive, Inc., a separate corporate entity from MAI, completed a reverse merger transaction with Net Element, Inc. *See* App. Ex. 1 at Introductory Note.

6. After the merger closed, the combined company was renamed to MAI and began trading on the Nasdaq Stock Market under the ticker symbol "MULN." *Id.* at Items 5.03, 8.01.

**The GEM Agreements**

7. On January 4, 2021, GEM and MTI executed: (1) a Share Purchase Agreement (App. Ex. 2, the "SPA"); (2) a Registration Rights Agreement (App. Ex. 3, the "RRA"), and (3) a

---

proceeding; they are re-attached to the Appendix for the Court's convenience. The Parties also note that, consistent with Court's April 8 Order granting the Parties' respective motions to seal, many of the Exhibits attached to the Appendix are provisionally filed under seal.

Warrant (App. Ex. 4, the "Warrant," and together with the SPA and RRA, the "GEM Agreements").

8. Section 9.02(b) of the SPA contains an arbitration agreement, which provides that:

> All disputes, controversies or claims between the Parties arising out of or in connection with this agreement (including its existence, validity or termination) which cannot be amicably resolved shall be finally resolved and settled under the Rules of Arbitration of the American Arbitration Association and its affiliate, the International Center for Dispute Resolution, in New York City. The arbitration tribunal shall be composed of one arbitrator. The arbitration will take place in New York City, New York, and shall be conducted in the English language. The arbitration award shall be final and binding on the Parties.

App. Ex. 2 at § 9.02.

9. The RRA also contains a similar arbitration clause. App. Ex. 3 at § 11(e).

10. Both the SPA and RRA also respectively provide that they "shall be governed by . . . the internal laws of the State of New York . . . ." App. Ex. 2 at § 9.08; App. Ex. 3 at § 11(d).

11. The Warrant states that the "venue for any dispute arising under th[e] Warrant will lie exclusively in the state or federal courts located in New York . . . ." App. Ex. 4 at § 11.

**The Arbitration**

12. Petitioners filed an Arbitration Demand and Statement of Claim naming MTI as Respondent in September of 2021, initiating the Arbitration.

13. The Arbitration is managed by the AAA/ICDR, bears the case number 01-21-0016-7001, and is sited in New York, New York.

14. On December 21, 2021, the arbitrator issued Procedural Order No. 1. App. Ex. 5.

15. In issuing Procedural Order No. 1, the arbitrator found that █████████ ████████████████████████████████████████████████████████ ████████████████████████

16. The arbitrator also found that ███████████████████

███████████████████████████████████████████████████

17. In addition, the arbitrator ████████████████████

███████████████████████████████████████████████████

████████████████████████

18. In January of 2022, Petitioners filed an Amended Statement of Claim, which added MAI as a Respondent to the Arbitration. App. Ex. 6.

19. On February 1, 2022, Respondents MTI and MAI collectively filed an Answer to Petitioners' Amended Statement of Claim. App. Ex. 7.

20. On February 6, 2022, the Arbitrator issued Procedural Order No. 3. App. Ex. 8. In Procedural Order No. 3, the arbitrator found that, ██████████████████

███████████████████████████████████████████████████

██████████████████████████

21. On August 3, 2023, the arbitrator granted GEM's first application for interim relief and directed ██████████████████████████████████████

███████████████████████

22. On October 5, 2023, the ICDR confirmed ████████████████

███

23. On November 17, 2023, the arbitrator issued a Partial Final Award on Liability. App. Ex. 11.

24. ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████

25. On January 12, 2024, Petitioners and Respondents respectively submitted their phase 2 opening briefs on damages and other remaining issues in the Arbitration.  App. Ex. 12; App. Ex. 13.

26. As of January 29, 2024, the second phase of the Arbitration (pertaining to damages and other remaining issues) has been fully briefed.  App. Ex. 14; App. Ex. 15.

27. The arbitrator has indicated that a Final Award will be delivered to the parties on April 30, 2024.  App. Ex. 16 at ¶ (C)(d).

**The Interim Measures Order**

28. On November 21, 2023, Petitioners sought leave to file their second application for interim measures in the Arbitration.  *Id.* at 1.

29. Leave was granted on November 30, 2023.  *Id.* at 2.

30. On December 15, 2023, Petitioners submitted their second application for interim measures.  App. Ex. 17.

31. On December 29, 2023, Respondents submitted their opposition to Petitioners' second application for interim measures.  App. Ex. 18.

32. On January 24, 2024, the Arbitrator issued the Interim Measures Order.  App. Ex. 19.

33. The Interim Measures Order ordered:

████████████████████████████████████████

- 6 -



*Id.* at 22.

34. In issuing the Interim Measures Order, the arbitrator ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

35. The arbitrator also acknowledged that he would ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

36. The arbitrator then ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

37. In particular, the arbitrator noted that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

38. The arbitrator also ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

39. ██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████

40. The arbitrator found that ████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████

41. ███████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████

42. The arbitrator also made ██████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████

43. In addition, the arbitrator ██████████████████
██████████████████████████████████████████

44. Specifically, the arbitrator found ███████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████

45. The arbitrator also made clear that ████████████████████
████████████████████████████████████████████████████████
█

**The Instant Action**

46. On February 15, 2024, Petitioners filed an application in this Court to confirm the Interim Measures Order. (*See, e.g.*, ECF No. 1.)

47. On March 1, 2024, Respondents filed a cross-motion in this Court to vacate and stay the Interim Measures Order. (*See, e.g.*, ECF No. 32.)

48. The Court subsequently entered an order staying all briefing pending a conference with the Court. (*See* ECF No. 43.)

49. On March 21, 2024, the Court held a pretrial/pre-motion conference in this action and related case 1:23-cv-11268. A transcript of that conference is attached to the Appendix as Exhibit 20.

50. On April 8, 2024, following the March 21, 2024, conference with the Court and several additional submissions made by the Parties (*see* ECF Nos. 47-54), the Court ordered the Parties to "re-format and re-file their submissions *only* regarding confirmation or vacatur of the Interim Measures [Order] in accordance with Federal Rule of Civil Procedure 56." (*See* ECF No. 56 at 2.)

51. On April 11, 2024, on consent of the Parties, the arbitrator declared that the record in the Arbitration is closed. App. Ex. 21.

| | |
|---|---|
| Dated:  April 22, 2024 | **WILLKIE FARR & GALLAGHER LLP** |
| | /s/ Jonathan A. Patchen <br> Jonathan A. Patchen <br> 333 Bush Street <br> San Francisco, California 94104 <br> (415) 858-7594 <br> jpatchen@willkie.com <br> jmaybee@willkie.com |
| | Madeleine Tayer <br> Justin Garbacz <br> 787 Seventh Avenue <br> New York, New York 10019 <br> (212) 728-8914 <br> mtayer@willkie.com <br> jgarbacz@willkie.com |
| | *Attorneys for Petitioners* |
| | **MCDERMOTT WILL & EMERY LLP** |
| | By: /s/ David K. Momborquette *[with permission]* <br>      David K. Momborquette <br>      Antonios G. Koulotouros <br>      One Vanderbilt Avenue <br>      New York, New York 10017 <br>      (212) 547-5400 <br>      dmomborquette@mwe.com <br>      akoulotouros@mwe.com |
| | *Attorneys for Respondents* |