

mwe.com

David K. Momborquette
Attorney at Law
dmomborquette@mwe.com
+1 212 547 5490

May 16, 2024

**VIA ECF**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re:   *GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc. et al.*, No. 1:24-cv-01120-KPF
Letter Motion to File Documents in Redacted Form or Under Seal

To the Honorable Katherine Polk Failla:

We represent Respondents Mullen Technologies, Inc. ("MTI") and Mullen Automotive, Inc. ("MAI," and together with MTI, "Respondents") in the above-referenced action.  Pursuant to Rules 2(C), 9(B) and 9(C) of Your Honor's Individual Rules of Practice in Civil Cases, we respectfully submit this letter motion seeking leave to (i) redact limited portions of Respondents' Response Letter to Petitioners' Notice of Supplemental Authority (the "Response") and (ii) seal Exhibit B to Respondents' Response (the "Exhibit").  As detailed below, the requested redactions and sealing are warranted because they are narrowly tailored to protect confidential information, including sensitive business and financial information, that has been exchanged in the parties' arbitration proceeding (the "Arbitration") and that, if disclosed, could cause significant and irreparable harm to Respondents, particularly MAI.

Courts in the Second Circuit consider three factors in determining whether to grant a motion to seal or redact: (1) whether the record at issue is a judicial document; (2) the weight of the presumption of access to the judicial document; and (3) whether countervailing factors outweigh the presumption of access.  *See Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69-70 (2d Cir. 2023); *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 5054602, at *1-2 (S.D.N.Y. Aug. 8, 2023).  While courts have recognized a common law presumption of access to judicial documents, the presumption can be overcome with a showing that the proposed redaction or sealing "is necessary 'to preserve higher values,' and 'is narrowly tailored to serve that interest.'"  *Spectrum*, 2023 WL 5054602, at *2 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)); *see also id.* at *2 ("'Higher values'" the preservation of which might warrant sealing include . . . the protection of competitively sensitive business information.").  Indeed, courts have routinely granted requests to redact and/or seal documents involving



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

sensitive business and financial information, the disclosure of which could cause significant harm to the relevant parties and/or place the parties at a competitive disadvantage. *See IBM Corp. v. Micro Focus (US), Inc.*, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."); *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to redact portions of contracts that contained "sensitive financial information," the disclosure of which would cause them to "suffer a competitive disadvantage in future negotiations"); *Lous Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents reflecting the company's confidential financial information and business operations).

Here, Respondents seek to redact or seal documents that contain non-public information regarding a confidential arbitration proceeding or otherwise reflect internal financial information, the disclosure of which would materially frustrate MAI's efforts to effectuate its business plans. To be sure, the documents at issue are judicial records subject to a presumption in favor of public access. *See Stafford*, 78 F.4th at 70; *Graczyk*, 2020 WL 1435031, at *9. Nevertheless, if the information found within the aforementioned materials is disclosed, MAI "would suffer a competitive disadvantage in future negotiations," and as a result, experience considerable hardship in its day-to-day business operations. *See, e.g.*, *Graczyk*, 2020 WL 1435031, at *8-9. In addition, as opposed to advancing a blanket request to seal, Respondents have narrowly tailored their request to only those non-public portions of Respondents' Response and the Exhibit that implicate the parties' confidential arbitration proceedings or MAI's commercially sensitive business information. *See Spectrum*, 2023 WL 5054602, at *2 (noting that a sealing request is narrowly tailored when it is limited to information that must be sealed to preserve higher values); *compare W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (concluding that "the scope of the proposed redactions [was] reasonable and narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed"), *with King Pharm., Inc. v. Eon Labs, Inc.*, 2010 WL 3924689, at *10 (E.D.N.Y. Sept. 28, 2010) (denying request for redaction where the information in question was already public, and thus, could not constitute confidential business information). "Given these circumstances, the privacy interests outweigh the public's interest in the redacted material." *Graczyk*, 2020 WL 1435031, at *9.

Petitioners, themselves, have not only recognized the sensitive nature of the information at issue here, but they have gone to great lengths to preserve its confidentiality. For instance, in the Stipulated Confidentiality Agreement and Protective Order executed by the parties in connection with the Arbitration, Petitioners recognized and agreed that disclosure and discovery activity in the Arbitration would "likely . . . involve [the] production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting th[e] Arbitration may be warranted." Petitioners also agreed that any "document created for the [A]rbitration, the result and all other terms of the final award and any interim decisions, and any other information or correspondence in connection with the proceedings [would] be kept confidential." Similarly, over the past few weeks, Petitioners filed their Notice of Supplemental Authority, its supporting exhibit, and their summary judgment motion papers seeking confirmation of the second interim measures order entered in



Honorable Katherine Polk Failla
May 16, 2024
Page 3

the parties' Arbitration, including documents containing the very same information implicated by the instant letter request, in redacted form or under seal. There is simply no legitimate reason (nor have Petitioners proffered any) why a different approach should be taken with respect to the information found in Respondents' Response or the Exhibit. *See Stafford*, 78 F.4th at 71 (recognizing that the Second Circuit has "affirmed decisions to keep judicial documents subject to confidentiality provisions in arbitration . . . under seal"). Indeed, any attempt by Petitioners to abandon[1] their longstanding position with respect to confidentiality should be regarded as nothing more than a transparent attempt to use confidential information from the Arbitration for public relations purposes (namely, to malign Respondents). Any such efforts to "launder . . . confidentiality through litigation" should be rejected, particularly in light of the Federal Arbitration Act's strong policy of protecting the confidentiality of arbitral proceedings. *See Stafford*, 78 F.4th at 71; *In re IBM Arbitration Agreement Litig.*, 76 F.4th 74, 86 (2d Cir. 2023) ("The weaker presumption of public access in this case is readily outweighed by the FAA's strong policy protecting the confidentiality of arbitral proceedings and the impropriety of using a motion for summary judgment to evade the Agreement's Confidentiality Provision.").

In short, Respondents' proposed redactions and sealing are narrowly tailored to protect non-public information concerning the parties' confidential Arbitration or sensitive internal financial information regarding MAI, the disclosure of which could cause severe harm to Respondents' operations and disadvantage future negotiation efforts by MAI. As such, Respondents respectfully request that the Court permit them to file (i) portions of Respondents' Response in redacted form and (ii) Exhibit B to Respondents' Response under seal.

Respectfully submitted,

*/s/ David K. Momborquette*
David K. Momborquette

---

[1] In their latest Request to File Documents Under Seal, dated May 13, 2024, Petitioners disingenuously represent that Respondents have "taken the position that at least some Arbitration-related materials are confidential and cannot be publicly disclosed." (*See* ECF No. 71 at 1-2.) The implication that only Respondents have sought (or wish) to preserve the confidentiality of certain Arbitration-related materials not only misrepresents the facts, but it is also belied by Petitioners' own conduct in both the Arbitration and the instant action.

