

mwe.com

David K. Momborquette
Attorney at Law
dmomborquette@mwe.com
+1 212 547 5490

May 16, 2024

**VIA ECF**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re:   *GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc. et al.*, No. 1:24-cv-01120-KPF
         Response Letter to Notice of Supplemental Authority

To the Honorable Katherine Polk Failla:

  We represent Respondents Mullen Technologies, Inc. ("MTI") and Mullen Automotive, Inc. ("MAI," and together with MTI, "Respondents") in the above-referenced action, and write in response to Petitioners' May 13, 2024 notice of supplemental authority (ECF No. 72) in support of their motion for summary judgment (ECF No. 58) seeking confirmation of the second interim measures order entered in the parties' Arbitration (the "Interim Measures Order").[1]  As noted in Petitioners' submission, on May 10, 2024, Arbitrator Morril issued the final award in the Arbitration.  The issuance of that award renders Petitioners' summary judgment motion moot.  (*See* ECF No. 69 at 5-6 n.4.)  In addition, the Interim Measures Order was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*See, e.g., id.* at 4-5, 8.)  However, on May 14, 2024, MAI announced that it had received a commitment for $100 million in new financing and sold an additional $50 million of notes, providing MAI with sufficient capital over the next 13 months.  (*See* Exhibit A, attached hereto.)  That financing renders the Interim Measures Order unnecessary and unwarranted.

  Petitioners' submission also reiterates the assertion that Respondents are barred from challenging the Liability Award because, in Petitioners' view, that award—and its findings—are "final."  As Respondents' have explained before, however, Petitioners' assertion regarding the Liability Award is

---

[1] Capitalized terms that are not defined herein have the meanings set forth in Respondents' memorandum of law in opposition to Petitioners' motion for summary judgment and in support of Respondents' cross-motion for summary judgment (ECF No. 69).



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Honorable Katherine Polk Failla
May 16, 2024
Page 2

incorrect.  (*See, e.g.*, ECF No. 69 at 14-15 n.9.)  No doubt, courts in the Second Circuit have held that a partial award as to liability can be deemed final and confirmable where the parties expressly agreed to bifurcate liability and damages.  *See, e.g.*, *Glob. Gold Mining LLC v. Caldera Res., Inc.*, 941 F. Supp. 2d 374, 382 (S.D.N.Y. 2013) ("Thus, courts have repeatedly held that a definitive partial award as to liability is final and confirmable 'where the parties expressly agree to bifurcate liability and damages.'").  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  (*See* Exhibit B, attached hereto, at ¶¶ 3, 11-12; *see also* App. Ex. 6 at ¶¶ 64-70.)  In addition, in the Interim Measures Order, the arbitrator himself recognized ████████████████████████████████████████████████████████████████████████████████████  (*See* App. Ex. 19 at ¶¶ 62-63 (emphasis added).)  There is simply no authority to suggest that this ████████████████ created—in the Liability Award—a final award ripe for confirmation.

      Indeed, the authorities previously relied upon by Petitioners to support their position that the Liability Award should be deemed final (*see, e.g.*, ECF Nos. 17, 19) are inapposite, as those authorities involved situations in which the parties bifurcated the relevant arbitration proceedings to resolve *all of the parties' liability issues first.  See, e.g.*, *Trade & Transp., Inc. v. Nat. Petroleum Charterers Inc.*, 931 F.2d 191, 192 (2d Cir. 1991) ("[T]he parties asked the arbitrators to make an immediate determination as to liability . . . , leaving for a later time the calculation of damages, if any . . . ."); *Glob. Gold Mining LLC*, 941 F. Supp. 2d at 383 (bifurcating the issue of liability and reserving "'the issue of damages . . . for a later date'"); *Andrea Doreen, Ltd. v. Bldg. Material Local Union 282*, 250 F. Supp. 2d 107, 112 (E.D.N.Y. 2003) (determining that the arbitrator's decision as to liability was final because "the parties agreed during an arbitration hearing to bifurcate liability from remedy").  ████████████████████  Consequently, there is no basis to conclude that the Liability Award was, in fact, "final" and ripe for confirmation when Petitioners first sought to confirm that award.  *See Mitsubishi Heavy Indus., Ltd. v. Stone & Webster, Inc.*, 2009 WL 3169973, at *5-8 (S.D.N.Y. Sept. 29, 2009) (concluding that an arbitration award was not final and reviewable where, among other things, the parties presented no evidence that they agreed "to submit only the issue of liability to the Tribunal separately from the issue of damages.").  As a result, Respondents are not barred from seeking to vacate that award now that the arbitrator has issued the actual "final" award in the Arbitration.



Honorable Katherine Polk Failla
May 16, 2024
Page 3

In addition, as explained in Respondents' memorandum of law in opposition to Petitioners' motion for summary judgment, Respondents in any event may raise one of the grounds articulated in the Convention for contesting an award issued in the Arbitration in opposition to a motion to confirm.  (ECF No. 69 at 14-15 n.9.)

Respectfully submitted,

*/s/ David K. Momborquette*
David K. Momborquette

