# WILLKIE FARR & GALLAGHER LLP

333 Bush St
San Francisco, CA 94104
Tel: 415 858 7400
Fax: 415 858 7599

June 20, 2024

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc., et al.*, 1:24-cv-01120-KPF
      Request for Judgment on Interim Measures Award

To the Honorable Katherine Polk Failla:

      We are counsel for Petitioners GEM Global Yield LLC SCS and GEM Yield Bahamas Limited in the above-captioned proceeding.  We write to respectfully request, pursuant to 9 U.S.C. § 13, Federal Rule of Civil Procedure 58(d), and Local Rule 77.1, that Your Honor issue judgment following the confirmation of the Interim Measures Award.  *See* ECF Nos. 84-85.

      On June 11, 2024, this Court confirmed the Interim Measures Award.  ECF Nos. 84-85.  Petitioners' understanding was that a judgment would be promptly entered.  *See* ECF No. 84 (Docket Text) ("Transmission to Orders and Judgments Clerk for processing.").  Such occurred in the case of *CE Int'l Resources Holdings LLC v. SA Minerals Ltd. P'ship*, No. 12 Civ. 8087 (CM), cited by Your Honor.  *See* Dkt. 85 at 13;[1] Case No. 12-Civ-8087 Dkt. at 23 (Dec. 10, 2012 Confirmation Order); Dec. 10, 2012 non-numbered docket entry transmitting order to "Judgments and Orders Clerk" & 24 (Dec. 12, 2012 Judgment).  On June 18, after speaking to the Orders and Judgments Clerk and your chambers, counsel for Petitioners learned that the Court does not expect to issue a judgment until the entire proceeding (including the pending applications to confirm the Partial Final Award and Final Award) is resolved, but that Petitioners could submit a formal request for a judgment or other relief.

---

[1]   Page numbers refer to the file-stamped page numbers at the top of the ECF-filed document.

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
June 20, 2024

For the reasons set forth below, Petitioners request and move for entry of judgment. In particular, Petitioners request entry of a judgment ordering Mullen Automotive to deposit $24,114,921 into this Court's registry for deposits in Civil Matters (the "Court's Registry").[2] A proposed form of judgment is being filed simultaneously herewith.

### A. The Court Should Issue A Judgment Following Its Confirmation of The Interim Measures Award

The Federal Arbitration Act (the "FAA") provides that entry of a judgment follows an order confirming an arbitration award. *See* 9 U.S.C. § 13 (judgment is entered upon "an order confirming [] an award."); *Hewlett-Packard Co., Inc. v. Berg*, 61 F.3d 101, 104 (1st Cir. 1995) ("[T]he statute that governs confirmations provides that after a confirmation is ordered, a separate 'entry of judgment' *must* be made pursuant to that order[.]") (emphasis added). Because a single arbitration can result in multiple confirmable awards, ECF 85 at 13 (citing cases), there can be multiple judgments. The plain language of Section 13 confirms this: entry of judgment follows "*an* order" confirming "*an* award."

Although this two-step process is technical, it is critical. It is the judgment that effectuates confirmation of the arbitration award; it is the Court's judgment which is enforced. *See* 9 U.S.C. § 13 ("[t]he judgment so entered . . . may be enforced as if it had been rendered in an action in the court in which it is entered."); Fed. R. Civ. Proc. 70 ("Enforcing a *Judgment* for a Specific Act") (emphasis added); *Hewlett-Packard*, 61 F.3d at 104 ("the order confirming the award is not itself a judgment that can be collected through court processes until it is entered on the docket as a judgment.") (citing 9 U.S.C. § 13); *see also The Pike Co., Inc. v. Tri-Krete Ltd.*, No. 18-CV-06311 (EAW), 2021 WL 5194688 (W.D.N.Y. Nov. 9, 2021) ("[T]he Court must clarify a procedural point. Although courts are not always precise in the language they use in this context, there is a distinction between confirmation of an arbitration award and the subsequent entry of final judgment thereon") (citing *Hewlett-Packard*).

Such a judgment "must be set out in a separate document" when, among other things, a court issues an order disposing of a motion for summary judgment under Fed. R. Civ. Proc. 56. Fed. R. Civ. Proc. 58(a). And a "party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. Proc. 58(d).

Here, because the Court has issued an order confirming the Interim Measures Award, a judgment should issue. *See* 9 U.S.C. § 13.[3] And that should be a partial final judgment, given the parties' separate claims to confirm or vacate the Partial Final Award and Final Award (together, the "Final Awards"), remain pending. *See* ECF Nos. 1, 17, 83. Courts can (and routinely do) issue partial final judgments without closing matters—particularly where, as here, there is a risk that the judgment debtor will become insolvent. *Cf.* Fed. R. Civ. Proc. 54(b); *Pereira v. Cogan*, 275 B.R. 472, 474 (S.D.N.Y. 2002) ("Courts have frequently found no just reason for delay, and entered a Rule 54(b) judgment, when the judgment debtor is insolvent or may become insolvent before the conclusion of judicial proceedings.") (citing cases); *Lone Star Industries, Inc. v. Nelstad Material Corp.*, No. 92 CIV. 3040 (VLB), 1993 WL 120376,

---

²     https://www.nysd.uscourts.gov/payment-information
³     Petitioners have satisfied the additional procedural requirements of 9 U.S.C. § 13—i.e., the submission of the arbitration agreement and arbitrator selection; the award; the filings seeking confirmation; and the order upon the application. *See* ECF Dkt. Nos. 1, 5, 49, 51, 61, 62, 63, 64, 84, 85.

at *1 (S.D.N.Y. Apr. 14, 1993) ("[T]he partial judgment I am signing today against the individual defendant need not be delayed because of the pendency of the claims remaining in this case[.]") There is, however, one important difference with the Rule 54(b) analogy as this Court does not need to make the findings required under Rule 54(b). Rule 54(b) applies only if the FAA does not provide an alternative procedure. *See* Fed. R. Civ. Proc. 81(a)(6)(B). Here, the FAA does provide a different procedure: it requires entry of a judgment each time there is "an order" confirming "an award"—full stop. 9 U.S.C. § 13.

But even if this Court were to consider the Rule 54(b) standard,[4] this Court should still issue partial final judgment. Rule 54(b) permits a partial judgment when one of several claims is resolved and there is "no just reason to delay" issuance of a judgment. Here, confirmation of the Interim Measures Award resolved a separate claim. ECF 85 at 13. The typical rationale of avoiding piecemeal appeals is inapplicable. *See* 9 U.S.C. § 16(a)(1)(D); *Pike Co.*, 2021 WL 5194688, *3 n.3. In fact, the very nature of the Interim Measures Award means that there could be no just reason to delay. The question of whether, when and how much Mullen Automotive was required to deposit was resolved by the arbitrator. ECF 85 at 16-18. Delaying or declining to enter judgment would improperly "undermine the comprehensive grant of authority to arbitrators" by precluding enforcement of the "arbitral security award." *See* ECF 85 at 18 (*quoting Banco de Seguros del Estato v. Mut. Marine Off., Inc.*, 344 F.3d 255, 262 (2d Cir. 2003).

**B. The Court's Judgment Should Require Deposit With The Court's Registry, Rather Than AAA, And Should Require Notification To Officers and Directors**

As a general rule, a judgment that confirms an arbitration award "should reflect what would have happened had the parties immediately complied with the awards instead of going to court." *Americas Ins. Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64, 67 (2d Cir. 1985) (citing *Marion Mfg. Co. v. Long*, 588 F.2d 538, 542 (6th Cir. 1978). Courts commonly "clarify Judgments that confirm arbitration awards where there is no way at the time of entry for the prevailing party to execute on such a judgment." *Robert Lewis Rosen Assocs. v. Webb*, 03-Civ-6338 (HB), 2005 U.S. Dist. LEXIS 10413, *4 n.1 (S.D.N.Y. June 2, 2005). And this Court has the power to enforce the Interim Measures Award to ensure that it does not become a dead letter. *See* ECF No. 50 at p. 24-25; No. 54 at p. 19-20. Operation of these principles here indicate that the judgment should compel deposit in the Court's Registry.

Had Mullen Automotive complied, it would have "deposited an additional $24,114,921 million into the escrow account in the joint names of Claimants and Respondents, administered by the American Arbitration Association[.]" Those funds would have been held in escrow to be distributed pursuant to this Court's decision regarding confirmation or vacatur of the Final Awards. *See* ECF No. 72-1 (the Final Award) ¶¶ 3-5 & nn. 7-8; *see also* ECF No. 49-9 at 29-30. And, of course, this Court could have ordered the escrowed funds transferred from AAA to the Court's Registry (or AAA could have interpleaded such funds).

---

[4] Petitioners acknowledge that courts have engaged in Rule 54(b) analysis in this setting. *See Pike Co.*, 2021 WL 5194688, *3-*5 (citing cases). Although Petitioners are aware of no cases which have directly analyzed the intersection of Rule 54(b), 9 U.S.C. § 13, and Rule 81(a)(6)(B), the Second Circuit has cautioned that "judgments disposing of less than all claims being tried before it [under Rule 54(b)] has no bearing on whether a court should enter separate judgments pursuant to separate arbitration awards." *Americas Ins. Co. v. Seagull Compania Naviera*, 774 F.2d 64, 67 (2d Cir. 1985).

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
June 20, 2024

      Here, however, because Mullen Automotive did *not* comply, the Final Award issued, the underlying Arbitration concluded, and AAA has not confirmed that it will accept additional escrow funds even if ordered by the Court. As such, this Court can—and should—enter a judgment requiring that the deposit be made with the Court's Registry. The Court has the power to do so. Rule 54(c) permits this Court to enter a judgment granting Petitioners the relief to which they are entitled. *See also Donovan v. Burger King Corp.*, 675 F.2d 516, 519-20 (2d Cir. 1982).[5] At core, Mullen Automotive's non-compliance with the Interim Measures Award—resulting in the Final Award being issued before confirmation of the Interim Measures Award—should not preclude the "purpose of the Interim Measures Award [which is] to ensure that Respondents were able to satisfy the Final Award in the Arbitration." *See* ECF 85 at 9 (rejected argument that issuance of the Final Award mooted confirmation of the Interim Measures Order).

      The judgment issued by the Court should also require Respondents to provide actual notice to all its officers and directors. This is necessary and appropriate to ensure that it is so binding on such officers and directors and to bring them within the Court's enforcement power. *See* Fed. R. Civ. Proc. 65(d)(2)(B).

      Finally, the judgment issued should require Mullen Automotive to deposit the escrow funds within one (1) business day. This is perfectly reasonable given that (i) the Interim Measures Award ordered Mullen Automotive to make the deposit *over three months ago* and (ii) this Court has repeatedly ordered Respondents to maintain the implicated funds on hand. *See* ECF Nos. 44; 56; 64-16 at pp. 8, 51-52; 83.

***

      For the reasons outlined above, Petitioners respectively request that the Court issue a judgment in the form of the proposed judgment that is being filed simultaneously herewith.

Respectfully submitted,

*/s/ Jonathan A. Patchen*

Jonathan A. Patchen

Cc: counsel of record

---

[5] Although unnecessary here in light Rule 54(c), this Court also has the authority to modify the Interim Measures Award to require deposit with the Court's Registry, rather than with AAA. Pursuant to 9 U.S.C. § 11(c), the Court can modify an arbitration award "where the award is imperfect in matter of form not affecting the merits of the controversy" "so as to effect the intent thereof and promote justice between the parties." Requiring the deposit to be made with the Court's registry does not affect the merits of the controversy and would promote justice. If modification is necessary, and while this Court has the power to modify *sua sponte*, Restatement (Third) U.S. Law of Int'l Comm. Arb. § 4.33 cmt. e, Petitioners request such relief as needed.