

**mwe.com**

David K. Momborquette
Attorney at Law
dmomborquette@mwe.com
+1 212 547 5490

June 25, 2024

**VIA ECF**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

    Re:    *GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc. et al.*, No. 1:24-cv-01120-KPF
            Letter in Response to Petitioners' Request for Judgment on Interim Measures Award

To the Honorable Katherine Polk Failla:

      We represent Respondents Mullen Technologies, Inc. ("MTI") and Mullen Automotive, Inc. ("MAI") in the above-referenced action. We write in response to Petitioners' June 20, 2024 letter to the Court (ECF No. 86, the "Letter Request") seeking the entry of a judgment in light of the Court's Order confirming the Interim Measures Award issued in the parties' Arbitration. (*See* ECF No. 85 (the "Order").)[1] As detailed below, Petitioners fail to explain why this Court should deviate from its plans to enter a judgment at the close of the instant proceedings,[2] and instead, prematurely enter Petitioners' newly submitted Proposed Judgment (ECF No. 87, the "Proposed Judgment"). Indeed, Petitioners' Proposed Judgment (its second proposed judgment submitted to the Court regarding the Interim Measures Award) is nothing more than a transparent attempt to rewrite the Interim Measures Award and obtain relief that was neither sought nor granted in connection with the Interim Measures Award. (*See* Order; ECF Nos. 58, 65.) As such, Petitioners' Letter Request should be denied.

---

[1] Capitalized terms that are not defined herein have the meanings set forth in the Court's Order.
[2] The Court's intent to enter one judgment at the close of these proceedings stands in contrast to Petitioners' previous representation to Respondents' counsel that it was Petitioners' "understanding" that the Court "may have inadvertently failed to transmit" the order confirming the Interim Measures Award to the judgment clerk. (*See* Exhibit A, attached hereto.) Petitioners have never provided Respondents with an explanation for the basis of that purported "understanding." Nor have Petitioners explained why they chose to move forward with an *ex parte* telephone call to the Court on June 18th after being informed by Respondents' counsel that it was not available on that day due to a previously scheduled oral argument. (*Id.*)



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Honorable Katherine Polk Failla
June 25, 2024
Page 2

      As an initial matter, there is no authority to suggest that the Court must enter a judgment at this time now that it has confirmed the Interim Measures Award. Petitioners assert that the Court must enter a judgment because, among other things, "the Court has issued an order confirming the Interim Measures Award," and the FAA "provides that entry of a judgment follows an order confirming an arbitration award." (*See* Letter Request at 2.) There is, however, nothing in the language of the FAA—or the Federal Rules of Civil Procedure for that matter—that would support that sweeping assertion. 9 U.S.C. § 13 simply delineates the papers that must be filed by a "party moving for an order confirming . . . an [arbitration] award . . . at the time such order is filed with the clerk for the entry of judgment thereon . . . ." It also establishes that, once a judgment is entered on an order confirming an arbitration award, "[t]he judgment shall be docketed as if it was rendered in an action" and "have the same force and effect" as "a judgment in an action . . . ." 9 U.S.C. § 13. It does not, as Petitioners would have this Court believe, require a court to swiftly enter a separate judgment on an order confirming an arbitration award, particularly an interlocutory arbitral award such as the Interim Measures Award.

      Similarly, although Rule 58 of the Federal Rules of Civil Procedure provides that (i) "[e]very judgment . . . must be set out in a separate document," and (ii) [a] party may request that [a] judgment be set out in a separate document as required by Rule 58(a)," there is nothing in Rule 58 to suggest that a court must enter judgment on an interlocutory arbitral award simply because the party that moved to confirm that award is "awaiting the issuance of a judgment . . . ." *See* Fed. R. Civ. P. 58; (*see also* Exhibit A.) *Hewlett-Packard Co. v. Berg*, 61 F.3d 101 (1st Cir. 1995) and *Pike Co. v. Tri-Krete Ltd.*, 2021 WL 5194688 (W.D.N.Y. Nov. 9, 2021), the lone authorities cited by Petitioners on this point, do not compel a different reading of the FAA or the Federal Rules of Civil Procedure either. Indeed, neither decision suggests that a judgment must immediately be entered upon the issuance of an order confirming an arbitration award, let alone an interlocutory arbitral award. *See Hewlett-Packard*, 61 F.3d at 103-06 (vacating confirmation of final arbitration award); *Pike Co.*, 2021 WL 5194688, at *1-6 (denying request for entry of judgment on final arbitration award).

      To be sure, under Rule 54(b) of the Federal Rules of Civil Procedure, courts can (and sometimes do) issue partial final judgments before the close of an entire proceeding. (*See* Letter Request at 2-3.) As Petitioners concede, however, Rule 54(b) only "permits a partial judgment when one of several claims is resolved and there is 'no just reason to delay' issuance of a judgment." (*See id.* at 3); *see also* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."); *Pereira v. Cogan*, 275 B.R. 472, 473-76 (S.D.N.Y. 2002) (granting entry of final judgment against defendant on one count of complaint); *Lone Star Indus., Inc. v. Nelstad Material Corp.*, 1993 WL 120376, at *1 (S.D.N.Y. Apr. 14, 1993) (entering partial judgment against individual defendant as to one of the claims in the action).

      Here, the Court's Order never resolved one of Petitioners' claims against Respondents. Nor did it otherwise adjudicate the merits of any of the parties' rights and/or liabilities. Rather, as Petitioners have



Honorable Katherine Polk Failla
June 25, 2024
Page 3

recognized throughout this litigation, the Order "summar[ily]" confirmed an arbitral decision that "expressly refrained from pre-judgment" and fell well short of adjudicating the merits of any claim asserted by Petitioners in the Arbitration. (*See, e.g.*, ECF No. 60 at 1, 12.) As such, and in the interest of sound judicial administration and efficiency, there is simply no reason for this Court to deviate from its plans and enter a judgment at this juncture. *See, e.g.*, *Gen. Accident Ins. Co. of Am. v. J.K. Chrysler Plymouth Corp.*, 139 F.R.D. 585, 587 (E.D.N.Y. 1991) (citation omitted) ("To be certifiable under the terms of Rule 54(b) a judgment must possess the requisite degree of finality, and must dispose of *at least a single substantive claim*. Thus a partial or interlocutory adjudication of a claim cannot properly be certified, even if this is attempted by means of a 'partial summary judgment' and even if the requisite 'express determination' has been made."); *see also Cassava Scis., Inc. v. Heilbut*, 2024 WL 2941155, at *1-2 (S.D.N.Y. May 30, 2024) (denying plaintiff's motion for entry of a partial final judgment where judicial administrative interests weighed against the entry of a judgment).

Even if there was a basis to enter a separate judgment on the Court's Order (there is not), this Court should refuse to enter the Proposed Judgment because it seeks the entry of a judgment containing terms that go well beyond the terms of the Interim Measures Award and requests relief that was neither sought by Petitioners in the underlying Arbitration nor granted by the arbitrator. For instance, the Proposed Judgment orders MAI to deposit over $24 million with the Court's registry within one business day of the date of the judgment. (*See* Proposed Judgment at 1.) However, that relief was not ordered by the arbitrator, and the fact that the AAA has not reached out to Petitioners and confirmed that it will accept additional funds into escrow does not grant Petitioners the discretion to rewrite the Interim Measures Award. (*See* Letter Request at 4.) In addition, the use of the Court's registry as an escrow is appropriate only where there is a dispute as to the ownership of the assets placed in escrow. *See, e.g.*, *Mfrs. Hanover Overseas Capital Corp. v. Southwire Co.*, 589 F. Supp. 214, 221 (S.D.N.Y. 1984) ("Rule 67 [of the Federal Rules of Civil Procedure] provides that funds may be placed on deposit with the court until it determines how the funds should be divided among the parties to a suit. The rule may be invoked only where there is a dispute concerning the funds."). There is no such dispute here.

The Proposed Judgment also would order Respondent MAI to "provide actual notice to all [of its] officers and directors of th[e] Judgment by delivery of same to each, and [to] file proof of same within two (2) business days of the date of th[e] Judgment." (*See* Proposed Judgment at 2.) But again, Petitioners make no attempt to reconcile this request with the terms of the Interim Measures Award or the Court's Order. Nor could they, given that, among other things, MAI's officers and directors are not parties to the instant action and are not properly before this Court. Accordingly, as it has in the past (*see* ECF No. 83 at 3 (denying Petitioners' request for a pre-motion conference to seek, among other things, coercive relief against Respondents' officers and directors); ECF No. 80 at 3 (requesting pre-motion conference to seek "coercive measures as to the officers and directors of Respondents")), this Court should reject Petitioners' latest attempt to seek relief against persons who are not parties to this dispute.



Honorable Katherine Polk Failla
June 25, 2024
Page 4

In short, the Court should reject Petitioners' attempt to rewrite the terms of the Interim Measures Award and deny their Letter Request in its entirety.

Respectfully submitted,

*/s/ David K. Momborquette*
David K. Momborquette

