# WILLKIE FARR & GALLAGHER LLP

333 Bush St
San Francisco, CA 94104
Tel: 415 858 7400
Fax: 415 858 7599

July 2, 2024

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007



Re: *GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc., et al.*, 1:24-cv-01120-KPF
Request For Expedited Pre-Motion Conference

To the Honorable Katherine Polk Failla:

Petitioners GEM Yield Bahamas Limited and GEM Global Yield LLC SCS (collectively, "GEM" or "Petitioners"), pursuant to Rule 4(a) of Your Honor's Individual Rules Of Practice in Civil Cases and Local Rule 83.6, submit this request for an expedited pre-motion conference to be held on or before July 8, 2024, wherein Petitioners will move the Court for, *inter alia*, (1) an immediate order to show cause why Respondent Mullen Automotive, Inc., and its Chief Executive Officer, David Michery, and Chief Financial Officer, Jonathan New, should not be sanctioned and held in contempt for violation of this Court's orders and (2) imposition of immediate coercive measures.

## I.     This Court's Relevant Orders

Over three months ago Petitioners filed an application with this Court to confirm the Interim Measures Award issued by Arbitrator Mark. C. Morril on January 24, 2024.  ECF No. 1. The Interim Measures Award ordered Mullen Automotive to deposit into escrow $24,114,921 within "45 days" of January 24, 2024.  ECF No. 1-9.  Petitioners were awarded that relief in light of what the Arbitrator found was an urgent risk that Respondents would not be able to satisfy a final award in the Arbitration.  Petitioners filed their application to confirm in advance of the deadline for Mullen Automotive to comply with the Interim Measures Award—March 9, 2024—

anticipating that Mullen Automotive would ignore the order until this Court expressly required it to comply.

While GEM's confirmation application was pending, this Court made a series of orders related to the ordered escrow deposit. All of those orders ran to the same end: that Mullen Automotive was ordered to be "ready, willing and fully able" to comply with the Interim Measures Award as soon as it was confirmed:

- March 6, 2024: "The Court reminds Plaintiffs that they should be ready, willing, and fully able to comply with the Interim Award as of March 21, 2024, pending the outcome of the conference." ECF No. 44.

- March 21, 2024: "You told me today you have $24 million. You better still have $24 million when I decide it. I don't care where it comes from, but you better have it." ECF No. 64-16 (Conf. Tr. at 52:5-8).

- April 8, 2024: "Respondents are hereby ORDERED to maintain the Interim Measures Arbitration Award pending the resolution of this motion." ECF No. 56.

- May 31, 2024: The Court "reiterates the Order [at ECF 56] and reminds Respondents of its compliance obligations." ECF No. 83.

On June 11, 2024, this Court issued the Order confirming the Interim Measures Award. ECF Nos. 84-85. Confirmation created an immediate, Court-ordered obligation on Mullen Automotive to deposit $24,114,921 into escrow.[1]

## II.    Mullen Automotive's Defiance of the Court's Orders

Mullen Automotive has not complied with its Court-ordered obligations. Most obviously, it has defied the June 11, 2024 Order that mandated the deposit in escrow of the $24,114,921. Counsel for Mullen Automotive confirmed as much on July 1, 2024—two weeks after this Court's June 11 Order. *See* Exhibit A.

Mullen Automotive has admitted additional defiance of Court orders. This Court repeatedly ordered Mullen Automotive to maintain the $24,114,921. But Mullen Automotive admits it "does not have sufficient cash on hand." Exhibit A. The Court ordered Mullen Automotive to be "ready, willing, and fully able" to make the escrow deposit. But Mullen Automotive is just now "in the process of identifying an appropriate escrow agent." Exhibit A. That Mullen Automotive did not have the escrow already arranged by June 11, 2024 is proof of its defiance of the Court's March 6, 2024 order. Indeed, the equivocal representations—"in the process" and "identifying"—strongly suggests that Mullen Automotive has taken no steps at all.[2]

---

[1] Although GEM misunderstood the need for a separate judgment, on June 28, the Court made clear that no separate judgment is required. ECF No. 89. As such, the Confirmation Order was effective upon issuance. *See id.*

[2] Counsel for Mullen Automotive has never raised or discussed any escrow arrangement with counsel for

It has now been *over two weeks* since the Court confirmed the Interim Measures Award; an order which itself required Mullen Automotive to deposit escrow funds on March 9, 2024— well over three months ago. And Respondents were repeatedly ordered to be ready, willing, and able to comply as soon as the Award was confirmed. Respondents' failure to comply cannot be excused or explained by anything but contempt for this Court's orders.

### III.   An Expedited Pre-Motion Conference is Warranted

Petitioners respectfully request an expedited pre-motion conference to be held on or before July 8, 2024. This date is critical as Mullen Automotive is holding a special meeting of stockholders on July 9 seeking certain approvals related to a $52.6 million secured convertible note and warrant financing and a separate $150 million equity line of credit. *See* Mullen Automotive Definitive Proxy Statement (June 10, 2024). Because Mullen Automotive has *already* disregarded this Court's order to maintain $24,114,921, GEM believes it critical that the Court provide prospective orders as to such incoming funds, including that the Court order such deposit be made in the Court's registry.[3] In addition, at the pre-motion conference GEM would request and move the Court to immediately issue an order to show cause as to Mullen Automotive, in lieu of GEM filing a motion for contempt. *See* Local Rule 83.6(a) (contempt proceedings are commenced by service of a notice of motion or order to show cause).[4] GEM would also request that the order to show cause be directed at Mullen Automotive's Chief Executive Officer and Chief Financial Officer. *See, e.g., Absolute Nevada, LLC v. Baer*, No. 21-50-cv, 2022 WL 350255 (2d. Cir. Feb. 7, 2022) (summary order) (holding District Court did not abuse discretion in finding non-party corporate officer in contempt for violating Court order, citing Fed. R. Civ. Proc. 65(d)).[5]

---

GEM at any time since the Court's March 6 Order. In fact, on the same day as this Court's March 6 Order, counsel for GEM wrote counsel for Mullen Automotive that "[t]o the extent you need anything from our clients in order for Mullen to be 'ready, willing and fully able,' please let us know." *See* Exhibit B. Counsel for GEM specifically noted the possible need for "another escrow agreement" and requested that Mullen "please send us a draft escrow agreement for the $24,114,921, consistent with the form of the prior escrow agreement the parties entered into, so that the parties may negotiate and finalize that agreement prior to the March 21 conference." *See id*. Counsel for Mullen never responded to this message.

[3] *See* Fed. R. Civ. Proc. 67; *Geismann v. ZocDoc, Inc.*, 909 F.3d 534, 541 (2d Cir. 2018) ("Rule 67 is just a procedural mechanism that allows a party to use the court as an escrow agent.") (internal citation and quotation omitted); *Cajun Elec. Power Co-Op v. Riley Stoker Corp.*, 901 F.2d 441, 445-46 (5th Cir. 1990) (describing district court's use of Rule 67 to permit deposit of arbitration award pending challenge to the award as "an insightful and equitable solution" and holding that such was not a modification of the arbitration award). Adopting this approach would preclude Mullen Automotive from obtaining further delay via the artifice of "identifying an appropriate" private escrow agent.

[4] The bases for issuance of an order to show cause are straightforward and not subject to reasonable dispute. But GEM will submit the affidavit described in Local Rule 83.6(a) if and as directed by the Court. And should the Court determine it necessary for GEM to submit a written motion before the Court can issue an order to show cause, GEM requests that the Court consider this letter a written motion.

[5] The Court's orders here were binding on all of Mullen Automotive's "officers, agents, servants, employees and attorneys." Fed. R. Civ. Proc. 65(d)(2)(B). However, because it is the CEO and CFO who control the disbursement of funds and they signed SEC filings demonstrating their knowledge and awareness of the Court's orders (*see* Mullen 10-Q filed May 14, 2024 at 38 (referencing this Court's April 8, 2024 Order);

Dated:  July 2, 2024                              **WILLKIE FARR & GALLAGHER LLP**

                                                  _/s/ Jonathan A. Patchen_
                                                  Jonathan A. Patchen
                                                  333 Bush Street
                                                  San Francisco, California 94104
                                                  (415) 858-7594
                                                  jpatchen@willkie.com

                                                  Madeleine Tayer
                                                  Justin Garbacz
                                                  787 Seventh Avenue
                                                  New York, New York 10019
                                                  (212) 728-8914
                                                  mtayer@willkie.com
                                                  jgarbacz@willkie.com

                                                  _Attorneys for Petitioners_

cc: All counsel of record (via ECF)

---

_id_. at 64 (10-Q signed by CEO and CFO)), GEM believes that they are the appropriate officers.

Application GRANTED in part.  Respondents are hereby ORDERED to show cause, in writing, on or before **July 8, 2024, at 12:00 p.m.,** as to why they have failed to comply with the Court's orders and as to their intentions to rectify their lack of compliance.

The Clerk of Court is directed to terminate the pending motion at docket number 90.

Dated:      July 2, 2024                SO ORDERED.
            New York, New York

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE