**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEM YIELD BAHAMAS LIMITED and GEM GLOBAL YIELD LLC SCS,<br><br>                Petitioners,<br><br>vs.<br><br>MULLEN TECHNOLOGIES, INC. and MULLEN AUTOMOTIVE, INC.,<br><br>                Respondents. | Case No. 1:24-cv-001120-KPF<br><br>Related Case No. 1:23-cv-11268-KPF<br><br>Hon. Katherine Polk Failla |

**RESPONDENTS' AND PETITIONERS' JOINT RULE 56.1 STATEMENT
OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF RESPONDENTS'
AND PETITIONERS' RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT**

Pursuant to this Court's May 31, 2024 Order (*see* ECF No. 83), and in accordance with Local Rule 56.1, Respondents Mullen Technologies, Inc. ("MTI") and Mullen Automotive, Inc. ("MAI," and together with MTI, "Respondents") and Petitioners GEM Yield Bahamas Limited and GEM Global Yield LLC SCS (collectively, "GEM" or "Petitioners," and together with Respondents, the "Parties") submit the following statement of undisputed material facts in connection with (i) Respondents' Motion for Summary Judgment to vacate the Partial Final Award on Liability (the "PFA") and the Final Award (the "Final Award," and together with the PFA, the "Awards") entered by Arbitrator Mark C. Morril in the arbitration proceeding captioned *GEM Yield Bahamas Limited and GEM Global Yield LLC SCS v. Mullen Technologies, Inc. and Mullen Automotive, Inc.*, AAA Case No. 01-21-0016-7001 (the "Arbitration"); and (ii) Petitioners' Motion for Summary Judgment to confirm the Awards. This statement is

accompanied by and filed simultaneously with a Joint Appendix of Exhibits (the "Appendix" or "App.").[1]

This Joint Statement contains selected excerpts of documents issued in the Arbitration. By including these excerpts, the Parties do not agree, and do not intend to indicate to the Court, that such excerpts are the only relevant portions of the cited documents. The Parties agree that such Arbitration documents speak for themselves, and that they should be considered by the Court in their entirety. The Parties further agree that they may submit a supplemental Joint Statement of Material Facts in connection with Petitioners' Motion for Summary Judgment.

## UNDISPUTED MATERIAL FACTS

**The Parties**

1. Petitioner GEM Yield Bahamas Limited ("GEM Bahamas") is a limited company formed under the laws of the Commonwealth of the Bahamas and maintains its principal place of business at CUB Financial Centre, Unit GF5, Lyford Cay, Nassau, Commonwealth of the Bahamas. (App. Ex. 1 at ¶ 6.)

2. Petitioner GEM Global Yield LLC SCS ("GEM Global Yield") is a "société en commandite simple" formed under the laws of Luxembourg whose registered office is 12C Rue Guillaume Kroll, L-1882, Luxembourg. (*Id.*)

3. Petitioners GEM Bahamas and GEM Global Yield are part of an alternative investment group known as the GEM Group. (*Id.*)

4. Respondent MTI is a privately held company incorporated and headquartered in Brea, California. (*Id.* at ¶ 8.)

---

[1] The Parties note that some of the Exhibits included in the Appendix are already in the record in this proceeding; they are re-attached to the Appendix for the Court's convenience. The Parties also note that, consistent with the Court's previous orders granting the Parties' respective motions to seal (*see, e.g.*, ECF No. 83), many of the Exhibits attached to the Appendix are provisionally filed under seal.

5.      Respondent MAI is a publicly traded automotive and electric vehicle ("EV") manufacturer. (*Id.* at ¶ 10.)

6.      In May 2021, MTI and "Mullen Auto," a subsidiary of MTI, entered into a Contribution and Spin-Off Agreement (the "Contribution Agreement"). (App. Ex. 2; App. Ex. 3 at Introductory Note.)

7.      There is no arbitration clause in the Contribution Agreement. (*See* App. Ex. 2.)

8.      The Contribution Agreement designated the venue for "any lawsuit between or among the [p]arties arising in whole or in part under or in connection with th[e] [a]greement" as "the United States federal and state courts located in Montgomery County, Maryland . . . ." (*Id.* at § 4.10.)

9.      In November 2021, Mullen Auto completed a reverse merger transaction with Net Element, Inc. (App. Ex. 3 at Introductory Note, Item 2.01.)).

10.     After the merger closed, NETE changed its name to "Mullen Automotive, Inc." and its ticker symbol to "MULN." (*Id.* at Items 5.03, 8.01; *see also* App. Ex. 1 at ¶ 10.)

**<u>The GEM Agreements</u>**

11.     On January 4, 2021, GEM and MTI executed: (1) a Share Purchase Agreement (App. Ex. 5, the "SPA"); (2) a Registration Rights Agreement (App. Ex. 6, the "RRA"); and (3) a Warrant (App. Ex. 7, the "Warrant," and together with the SPA and RRA, the "GEM Agreements").

12.     The SPA contained an arbitration agreement, which provided that:

> All disputes, controversies or claims between the Parties arising out of or in connection with this agreement (including its existence, validity or termination) which cannot be amicably resolved shall be finally resolved and settled under the Rules of Arbitration of the American Arbitration Association and its affiliate, the International Center for Dispute Resolution, in New York City. The arbitration

> tribunal shall be composed of one arbitrator. The arbitration will take place in New York City, New York, and shall be conducted in the English language. The arbitration award shall be final and binding on the Parties.

(App. Ex. 5 at § 9.02(b).)

13. The RRA contained a similar arbitration clause. (App. Ex. 6 at § 11(e).)

14. Both the SPA and RRA also respectively provided that they would "be governed by . . . the internal laws of the State of New York . . . ." (*See* App. Ex. 5 at § 9.08(a); App. Ex. 6 at § 11(d).)

15. The Warrant stated that the "venue for any dispute arising under th[e] Warrant w[ould] lie exclusively in the state or federal courts located in New York . . . ." (*See* App. Ex. 7 at § 11.)

**The Arbitration**

16. In September of 2021, GEM commenced the Arbitration and filed an Arbitration Demand and Statement of Claim, naming MTI as a Respondent. (*See* App. Ex. 8.)

17. On December 21, 2021, the arbitrator issued Procedural Order No. 1. (*See* App. Ex. 9.)

18. Procedural Order No. 1 stated, in part, that 

19. Procedural Order No. 1 also stated, in part, that

4

███████████████████████████████████████████████████████████

███████████████████████████

20. In January of 2022, Petitioners filed an Amended Statement of Claim, adding MAI as a Respondent to the Arbitration. (App. Ex. 10.)

21. On February 1, 2022, Respondents MTI and MAI collectively filed an Answer to Petitioners' Amended Statement of Claim. (App. Ex. 11.)

22. On February 6, 2022, the arbitrator issued Procedural Order No. 3. (App. Ex. 12 [Procedural Order No. 3].)

23. Procedural Order No. 3 stated, in part, that, ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

24. On December 1, 2022, the parties entered into a stipulation to bifurcate the Arbitration proceedings. (App. Ex. 13.)

25. In that stipulation, the parties agreed to limit briefing in the first instance (the "Phase One" proceeding) "only to issues of liability" and reserve for a later date the briefing of "attorneys' fees and indemnification" and "the measure of damages" (the "Phase Two" proceeding). (*See id.* at ¶¶ 3, 11-12.)

26. On January 9, 2023, and January 23, 2023, the parties respectively submitted their opening and responsive Phase One briefing. (App Exs. 14-17.)

27. Following the parties' submission of written briefing, the arbitrator requested and scheduled an evidentiary hearing to hear testimony from certain witnesses. (App. Ex. 18.)

28. In advance of the evidentiary hearing, and to address certain issues raised in the parties' written briefing, the parties also submitted a Redfern Schedule. (App. Ex. 20.)

29. An evidentiary hearing was held on May 18, 2023, and continued on May 23, 2023. (App. Exs. 21-22.)

30. Closing argument was held on June 6, 2023. (App. Ex. 23.)

**The PFA**

31. On November 17, 2023, the arbitrator issued the PFA, which was served and delivered to the parties that day. (App. Ex. 1.)

32. The PFA stated, in part, that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

33. The PFA stated, in part, that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

34. The PFA stated, in part, that, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

35. The PFA stated, in part, that, ████████████████████████████████████████████████

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

36. The PFA stated, in part, that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

37. Respondents did not move to vacate, or serve notice of a motion to vacate, the PFA within three months of November 17, 2023.

**<u>Procedural Order No. 14</u>**

38. On December 11, 2023, the arbitrator entered Procedural Order No. 14. (App. Ex. 19.)

39. Procedural Order No. 14 noted, among other things, that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

40. Procedural Order No. 14 stated, in part, that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

41. Procedural Order No. 14 also stated that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**The Second Interim Measures Order**

42. On January 24, 2024, the arbitrator issued his Decision and Order on Petitioners' Second Application for Interim Measures (the "Second Interim Measures Order") and directed MAI to deposit over $24 million into escrow within 45 days. (App. Ex. 24 at p. 22 (¶ 1).)

43. The Second Interim Measures Order stated, in part, that ███████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████

44. On April 22, 2024, Petitioners moved to confirm the Second Interim Measures Order. (*See* ECF Nos. 58, 60.)

45. On May 6, 2024, Respondents opposed Petitioners' motion to confirm the Second Interim Measures Order and cross-moved to vacate the Second Interim Measures Order. (*See* ECF Nos. 67, 69.)

46. On June 11, 2024, this Court confirmed the Second Interim Measures Order. (*See* ECF No. 84 at 20; ECF No. 85 at 20.)

**The Final Award**

47. On January 12, 2024, Petitioners and Respondents respectively submitted their Phase Two Opening Briefs. (App. Exs. 25-26.)

48. On January 29, 2024, Petitioners and Respondents respectively submitted their Phase Two Response Briefs. (App. Exs. 27-28.)

49. On May 10, 2024, the arbitrator issued the Final Award. (App. Ex. 29.)

50. The Final Award stated, in part, that the arbitrator ███████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████

51. The Final Award stated, in part, that ███████████████████████
███████████████████████████████████████████████████████

52. The Final Award stated, in part, that ███████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████

53. The Final Award stated, in part, that ███████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████

54. The Final Award stated, in part, that ███████████████████████
███████████████████████████████████████████████████████████████
██████████

Dated: New York, New York      **MCDERMOTT WILL & EMERY LLP**
       July 10, 2024

                               By: /s/ David K. Momborquette
                                      David K. Momborquette
                                      Antonios G. Koulotouros
                                      One Vanderbilt Avenue
                                      New York, New York 10017
                                      (212) 547-5400
                                      dmomborquette@mwe.com
                                      akoulotouros@mwe.com

                                      *Attorneys for Respondents*

**WILLKIE FARR & GALLAGHER LLP**

/s/ *Jonathan A. Patchen [with permission]*
Jonathan A. Patchen
333 Bush Street
San Francisco, California 94104
(415) 858-7594
jpatchen@willkie.com

Madeleine Tayer
Justin Garbacz
787 Seventh Avenue
New York, New York 10019
(212) 728-8914
mtayer@willkie.com
jgarbacz@willkie.com

*Attorneys for Petitioners*