UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEM YIELD BAHAMAS LIMITED and GEM GLOBAL YIELD LLC SCS,<br><br>     Petitioners,<br><br>        vs.<br><br>MULLEN TECHNOLOGIES, INC. and MULLEN AUTOMOTIVE, INC.,<br><br>     Respondents. | Case No. 1:24-cv-01120-KPF<br><br><br>Hon. Katherine Polk Failla |

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS' PROPOSED JUDGMENT

WILLKIE FARR & GALLAGHER LLP
Jonathan A. Patchen (admitted *pro hac vice*)
333 Bush Street
San Francisco, California  94104
(415) 858-7594
(415) 858-7418
jpatchen@willkie.com

Madeleine Tayer
Justin Garbacz
787 Seventh Avenue
New York, New York  10019
(212) 782-8914
(212) 728-8801
mtayer@willkie.com
jgarbacz@willkie.com

*Attorneys for Petitioners GEM Yield Bahamas
Limited and GEM Global Yield LLC SCS*

Pursuant to the Court's order dated May 31, 2024 (ECF No. 83) Petitioners GEM Yield Bahamas Limited and GEM Global Yield LLC SCS (collectively, "GEM" or "Petitioners") respectfully submit a Proposed Judgment (filed simultaneously herewith), and this explanatory Memorandum in support of the Proposed Judgment.

In their simultaneously filed Memorandum of Law in opposition to Respondents' Motion for Summary Judgment, Petitioners seek confirmation and entry of judgment on the Partial Final and Final Award (the "Awards"). The Final Award ██████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

This memorandum explains the terms of the Proposed Judgment, including: (i) the balance of the Awards that was owing, but not paid by Respondents as of the Award Payment Date, and (ii) Petitioners' entitlement to, and calculation of, post-award, pre-judgment interest, as well as post-judgment interest.

**PURSUANT TO THE FINAL AWARD,** ██████████████████████████
██████████████████████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████





## II.    THE COURT SHOULD ALSO AWARD POST-AWARD, PRE-JUDGMENT INTEREST AND POST-JUDGMENT INTEREST

This Court should further award Petitioners post-award, prejudgment interest using the 9% simple interest amount under New York law—a daily interest rate of $7,368.29.

In the Second Circuit, there is "a presumption in favor of prejudgment interest" in the context of confirming arbitration awards. *Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984); *see also P.M.I. Trading Ltd. v. Farstad Oil, Inc.*, No. 00-CV-7120 (RLC), 2001 WL 38282, at *3 (S.D.N.Y. Jan. 16, 2001) ("Absent persuasive argument to the contrary, post-award, pre-judgment interest is available for judgments rendered under the Convention and is presumed to be appropriate." (citing *Waterside Ocean Navigation Co.*).

Moreover, "[a]lthough the determination of the interest rate is also within the discretion of the trial court, the 'common practice among courts within the Second Circuit is to grant interest at a rate of nine percent per annum—which is the rate of prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001–5004—from the time of the award to the date of the judgment

---

2

confirming the award.'" *1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13 Civ. 2608(JGK), 2014 WL 840965, at *8 (S.D.N.Y. Mar. 4, 2014); *see also Trividia Health, Inc. v. Nipro Corp.*, No. 20-CV-8450 (VEC), 2022 WL 1744701, at *4 (S.D.N.Y. May 31, 2022) (awarding post-award, pre-judgment interest at rate of nine percent per annum); *Al Maya Trading Estab. v. Glob. Export Mktg. Co., Ltd.*, No. 16-CV-2140 (RA), 2017 WL 1050123, at *5 (S.D.N.Y. Mar. 17, 2017) (same).

There is no reason for this Court to deviate from the presumptive, common practice. Pre-judgment interest exists to compensate the prevailing party for the loss of the use of the funds that it should otherwise have had. Here, had Respondents complied with the Awards, ███████████ ████████████████████████ Petitioners are presumptively and equitably entitled to interest. And Respondents can offer no persuasive argument why post-award, pre-judgment interest should not be awarded.

The Court should include, in the final judgment, an award of post-award, pre-judgment interest, calculated using a **$7,368.29** daily interest amount,[3] multiplied by the number of days between (i) the Award Payment Date and (ii) the date that final judgment is entered.

The Court should also award post-judgment interest on the sum of the ████████████ plus the post-award, prejudgment interest. The award of post-judgment interest pursuant to 28 U.S.C. § 1961 is "mandatory" and does not "permit of the exercise of judicial discretion." *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017); *Al Maya Trading Estab. v. Glob. Export Mktg. Co., Ltd.*, No. 16-CV-2140 (RA), 2017 WL 1050123, at *5 (S.D.N.Y. Mar. 17, 2017).

---

[3]    ████████████████████████████████████████████████████████████

## CONCLUSION

For the reasons outlined herein, and in Petitioners' Memorandum in Support of their Motion for Summary Judgment, and in opposition to Respondents' Motion for Summary Judgment, Petitioners respectfully request that this Court enter the Proposed Judgment that is filed simultaneously herewith.

Dated: August 7, 2024

WILLKIE FARR & GALLAGHER LLP

*/s/ Jonathan A. Patchen*
Jonathan A. Patchen (admitted pro hac vice)
333 Bush Street
San Francisco, California 94104
(415) 858-7594
(415) 858-7418
jpatchen@willkie.com

Madeleine Tayer
Justin Garbacz
787 Seventh Avenue
New York, New York 10019
(212) 728-8914
(212) 728-8801
mtayer@willkie.com
jgarbacz@willkie.com

*Attorneys for Petitioners GEM Yield Bahamas*
*Limited and GEM Global Yield LLC SCS*