**WILLKIE FARR & GALLAGHER** LLP

333 Bush St
San Francisco, CA 94104
Tel: 415 858 7400
Fax: 415 858 7599

August 26, 2024

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc., et al.*, 1:24-cv-01120-KPF

Dear Judge Failla:

We write on behalf of Petitioners GEM Global Yield LLC SCS and GEM Yield Bahamas Limited ("GEM") with respect to Respondents' request for oral argument on the pending confirmation/vacatur motion. *See* ECF 125.

Oral argument on the pending motion is not warranted. For all of the reasons set forth in GEM's papers, it is clear that Respondents' arguments come nowhere near the standard for vacatur. Moreover, GEM believes that oral argument on the motion will cause delay in confirmation of the Partial Final Award and Final Award. Worse, it may result in further delay of enforcement of the confirmed Interim Measures Award. If the Court is going to hold any conference, GEM respectfully urges that it be as to enforcement of the Interim Measures Award.

Nearly a month ago, GEM "respectfully implore[d]" the Court to take steps to enforce its orders and ensure that the Interim Measures Award did not become a dead-letter. ECF 108. In the intervening month, GEM's concern has only increased. Since GEM's July 30 letter, Mullen Automotive has (among other things):

- Proclaimed that it raised $50,000,000 in financing—without putting any of those funds into escrow (much less creating an escrow). *See* Mullen Automotive Press Release,

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
August 26, 2024

        August 6, 2024, *available at* https://news.mullenusa.com/mullen-ceo-provides-company-update (last visited Aug. 26, 2024).

- Paid $2.6 million, and committed to paying another $36.1 million, to purchase stock of Bollinger Motors, Inc. *See* Mullen Automotive, Form 8-K Exh. 10.2 (Aug. 1, 2024) *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/0001499961/000182912624005151/mullenautomotive_8k.htm (last visited Aug. 26, 2024).

- Represented and warranted that it was "not in material violation or default [] (ii) of any instrument, judgment, order, writ or decree to which it is a party or bound". *See id.* § 4.11.

       Mullen Automotive is raising millions, spending millions, and claiming that it is not in material violation or default of this Court's orders or the underlying Interim Measures Award. Mullen Automotive apparently believes that it is at liberty to so do so because of the lack of a ruling on the OSC. Delayed enforcement of the Interim Measures Award is "undermine[ing] the comprehensive grant of authority to arbitrators [to] ensure[] a meaningful final award." ECF 85 at 18 (citing Banco *de Seguros del Estado v. Mut. Marine Off., Inc.*, 344 F.3d 255, 262 (2d Cir. 2003)).

       GEM's ability to enforce the Interim Measures Award depends entirely on this Court enforcing its orders through contempt proceedings. ECF 89. As such, GEM again implores the Court to act without further delay on the pending OSC to ensure that that Mullen Automotive, through its relevant officers, comply with the Arbitrator's Interim Measures Award and the Court's related Orders.

Respectfully submitted,

*/s/ Jonathan A. Patchen*

Jonathan A. Patchen


CC: All Counsel (via ECF)