**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEM YIELD BAHAMAS LIMITED and GEM GLOBAL YIELD LLC SCS, | Case No. 1:24-cv-01120-KPF |
|      Petitioners, | |
|          vs. | Hon. Katherine Polk Failla |
| MULLEN TECHNOLOGIES, INC. and MULLEN AUTOMOTIVE, INC., | |
|      Respondents. | |
| MULLEN TECHNOLOGIES, INC. and MULLEN AUTOMOTIVE, INC., | Case No. 1:23-cv-11268-KPF |
|      Plaintiffs, | |
|          vs. | Hon. Katherine Polk Failla |
| GEM GLOBAL YIELD LLC SCS, GEM YIELD BAHAMAS LIMITED, and CHRISTOPHER BROWN, | |
|      Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS**
**COUNSEL TO PETITIONERS**

In accordance with Local Civil Rule 1.4 and New York Judiciary Law § 475, Willkie

Farr & Gallagher LLP ("Willkie") respectfully submits this memorandum of law in support of its

motion to withdraw from representing Petitioners GEM Yield Bahamas Limited and GEM Global

Yield LLC SCS (collectively, "GEM" or "Petitioners") in 1:24-cv-01120 (the "Confirmation

Action") and from representing Defendants GEM and Christopher Brown ("Defendants") in the

related action (the "Rescission Action"), 1:23-cv-11268, and to grant a charging lien and retaining lien in connection with these actions (the "Motion").

## I.      PROFESSIONAL CONSIDERATIONS JUSTIFY WITHDRAWAL.

GEM retained Willkie to represent them in connection with the arbitration underlying the Confirmation Action (the "Arbitration") and the Rescission Action.  In February 2024, Willkie appeared as counsel of record for GEM in the Confirmation Action and as counsel of record for Defendants GEM and Mr. Brown in the Rescission Action.  *See* Conf. Action ECF Nos. 11-13, 15; Resc. Action ECF Nos. 22-24, 30.  Willkie has performed substantial work for GEM in connection with the Arbitration beginning in or around mid-2021, for Defendants in connection with the Rescission Action beginning in or around December 2023, and for GEM in the Confirmation Action in or around January 2024.

There are grounds for Willkie's withdrawal under New York Rule of Professional Conduct ("RPC") 1.16(c).  Per Local Rule 1.4 and RPC 1.16(d), Willkie seeks this Court's permission to withdraw.  Professional considerations justify this request.  *See* N.Y. State Bar Association Ethics Opinion 1057 at ¶ 13 (June 5, 2015) ("NYSBA Op. 1057") ("the Rules anticipate that the court usually will not demand the disclosure of confidential information if the lawyer advises the court that 'professional considerations' require withdrawal."); *see also* ABA Formal Opinion 476 (Dec. 19, 2016) ("ABA Op. 476").[1]

---

[1] Willkie acknowledges the tension between its confidentiality obligations (e.g., RPC 1.16) and the requirement of Local Rule 1.4 to provide "a showing by affidavit or otherwise of satisfactory reasons for withdrawal."  Willkie requests that the Court accept that professional considerations justify withdrawal.  If, however, the Court requires more information as to the basis for withdrawal, Willkie will do so upon a Court order that Willkie submit the required affidavit under seal, *in camera* (except as to Defendants) and *ex parte*.  *See* RPC 1.6(b)(6); NYSBA Op. 1057 at ¶¶ 16-18; ABA Op. 476 at 8-9; *see also Team Obsolete Ltd. v. AHRMA, Ltc.*, 464 F. Supp. 2d 164, 165-

## II.    THERE IS NO REASON TO DECLINE OR DEFER WITHDRAWAL.

There is no reason to defer withdrawal.  When a basis to withdraw exists, this Court assesses the "impact of the withdrawal on the timing of the proceeding."  *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

Here, there will be no material impact from granting withdrawal.  The Arbitration is complete.  The Rescission Action is stayed, *see* Resc. Action ECF No. 55.  And Willkie has completed the last substantive filings in the Confirmation Action, filing GEM's Memorandum in Support of Law in Support of Petitioners' Motion for Summary Judgment seeking confirmation and entry of judgment on both the Partial Final Award and the Final Award issued in the Arbitration [Conf. Action ECF No. 115], as well as a Supplemental Joint Rule 56.1 Statement of Undisputed Material Facts in Support of Respondents' and Petitioners' Respective Motions for Summary Judgment [Conf. Action ECF No. 111], the Supplemental Joint Appendix of Additional Exhibits [Conf. Action ECF No. 112], and a Memorandum of Law in Support of Petitioners' Proposed Judgment [Conf. Action ECF No. 117].

Nor is there any reasonably foreseeable substantive work that would be impacted by withdrawal.  The Court has indicated that it does not expect any filings from GEM in connection with the pending Order to Show Cause [Conf. Action ECF No. 107] and the Court has not provided any indication of whether, when or how it will rule on the pending Order to Show Cause. Moreover, the Court has indicated that it does not intend to have oral argument with respect to the confirmation proceedings [Conf. Action ECF No. 83 at 3] and it has not suggested any deviation from that intent despite Mullen's pending request [Conf. Action ECF No. 126].  As such, there

---

66 (E.D.N.Y. 2006) (such *in camera* submission is "routine[]" and "viewed favorably by the courts.").

will be minimal disruption to Petitioners and their case if Willkie withdraws as counsel at this time.[2]

### III.    THE COURT SHOULD GRANT A CHARGING LIEN, SUBJECT TO PROOF, AND RETAINING LIEN, IN AN AMOUNT TO LATER BE DETERMINED.

Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services.  N.Y. Judiciary Law § 475; *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 177 (2d Cir. 2001); *Itar-Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 449 (2d Cir. 1998).  Willkie is entitled to a charging lien as it has good cause to withdraw.  *See Petition of Harley & Browne,* 957 F. Supp. 44, 48 (S.D.N.Y. 1997).

In a scenario, like here, where the firm seeking permission to withdraw will continue rendering services pending the Court granting the withdrawal, it makes sense to defer determination of the amount of the charging lien until after withdrawal is granted.  Willkie requests the Court order that here: once withdrawal is granted, and the full scope of Willkie's work is known, Willkie will submit its papers—under seal and *in camera* (except as to Defendants)—to prove up the amount of the charging lien, including the fees and costs associated with establishing the amount of the charging lien, as well as interest.

Under New York common law, a discharged attorney is also entitled to a retaining lien on the former client's papers and property that are in the attorney's possession, as a security against payment of fees.  *See Resolution Trust Corp. v. Elman,* 949 F.2d 624, 626 (2d Cir. 1991); *Viada v. Osaka Health Spa, Inc.*, 2005 WL 3481196, at *1 (S.D.N.Y. Dec. 19, 2005).  The right to

---

[2] Consistent with Local Rule 1.4 and RPC 1.16(d), Willkie will continue to serve as counsel in both the Confirmation Action and Rescission Action until this Court grants permission to withdraw.

a retaining lien is grounded in common law and is enforced in federal courts unless a specific federal law alters the parties' rights.  *See Allstate Ins. Co. v. Nandi,* 258 F.Supp.2d 309, 311 (S.D.N.Y. 2003).  A retaining lien attaches "when the action is commenced and remains in force when an attorney is discharged without cause."  *See id.* at 312.  Here, Willkie is entitled to a retaining lien and requests the Court order the same, in an amount to be later determined in the proceeding described above, which will include the fees and costs associated with establishing the amount of the retaining lien, as well as interest.

## **CONCLUSION**

For the reasons outlined herein, Willkie respectfully requests that the Motion be granted in its entirety, and for a retaining lien and charging lien to be ordered in an amount to be later determined, subject to Willkie's prove-up of the amount thereof.


Dated: September 25, 2024


WILLKIE FARR & GALLAGHER LLP

*/s/  Jonathan A. Patchen*
Jonathan A. Patchen (admitted pro hac vice)
333 Bush Street
San Francisco, California 94104
(415) 858-7594
(415) 858-7418
jpatchen@willkie.com

*Attorneys for Petitioners GEM Yield Bahamas Limited and GEM Global Yield LLC SCS, and Christopher Brown*