

mwe.com

David K. Momborquette
Attorney at Law
dmomborquette@mwe.com
+1 212 547 5490

October 25, 2024

**VIA ECF**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re: *GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc. et al.*, No. 1:24-cv-01120-KPF
Response to Petitioners' October 22, 2024 Letter Submission

To the Honorable Katherine Polk Failla:

We represent Respondents Mullen Technologies, Inc. and Mullen Automotive, Inc. ("MAI" or the "Company") in the above-referenced action and write in response to Petitioners' October 22, 2024, letter (ECF No. 133, the "Letter"). The Letter represents the sixth submission made by Petitioners regarding the Interim Measures Award and aimed at convincing the Court that MAI is intentionally evading its obligations under the Orders.[1] It breaks no new ground, but rather, covers issues that the parties have discussed (repeatedly) in previous submissions to the Court. (*See* ECF Nos. 86, 90, 97, 108, 109, 127.) These submissions detail, among other things, MAI's financial difficulties and how it needed to utilize the one financing facility that it had access to over the last several months to keep MAI's business viable. (*See, e.g.*, ECF Nos. 93, 109.) These submissions also have explained why the Court should reject Petitioners' demand that the Court place additional disclosure requirements on MAI. (*See* ECF No. 109 at 2.) The Letter fails to respond to any of the points raised by MAI in these previous submissions.

Instead, Petitioners continue with their long-standing pattern of misrepresenting MAI's financial condition to support their arguments. In their previous submissions, Petitioners attempted to mislead the Court into believing that MAI was in much better financial condition than it was at the time. Petitioners have now reversed course, arguing that MAI's bankruptcy is imminent given MAI's "increasingly precarious financial position." (*See* Letter at 2.) Petitioners' latest description gives the Court a misleading description of MAI's financial condition. Missing from Petitioners' description is the fact that MAI

[1] All capitalized terms that are not defined herein have the meanings set forth in Respondents' Memorandum of Law in Response to the Court's Order to Show Cause (ECF No. 93).



recently has taken affirmative steps to reduce operating expenses and overall monthly expenses, including a 20% headcount reduction and consolidation of its facilities, to improve its near-term cash flow.[2] Also missing is any acknowledgement that MAI's monthly cash burn rate has begun to decrease, while its revenue has improved from a little over $65,000 for the second quarter of 2024 to approximately $4.5 million for the third quarter of 2024.[3] In other words, MAI's financial condition is improving, and certainly is not, as Petitioners would have the Court believe, deteriorating.

Also missing from the Letter is any acknowledgement by Petitioners that when MAI has had the financial capacity to fund the escrow, it has done so. Indeed, Petitioners already have taken possession of $7 million of MAI funds in connection with its first application for interim relief. However, the simple truth is that, although MAI's financial condition has improved, it still does not yet have sufficient resources to satisfy the Court's Orders without also jeopardizing its solvency. Rather than grapple with that reality, Petitioners once again resort to misrepresenting MAI's financial condition to support their demands; demands that the Court should reject for the reasons delineated herein and MAI's previous submissions.

Respectfully submitted,

*/s/ David K. Momborquette*
David K. Momborquette

[2] *See* Mullen Automotive, Inc. Form 8-K, dated October 7, 2024 (https://www.sec.gov/Archives/edgar/data/1499961/000182912624006668/mullenauto_8k.htm), at Ex. No. 99.1.
[3] *See* Mullen Automotive, Inc. Form 8-K, dated October 2, 2024 (https://www.sec.gov/Archives/edgar/data/1499961/000182912624006607/mullenauto_8k.htm), at Ex. No. 99.1.

