**Eversheds Sutherland LLP (US)**
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, NY
10036-7703

D: 212.389.5083
F: 212.389.5099

franknolan@eversheds-sutherland.com

March 25, 2025

**VIA CM/ECF and E-MAIL**
Hon. Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

> Re:  *GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc., et al.*
> Case No. 1:24-cv-01120-KPF
> Letter for Pre-Motion conference regarding expedited discovery

Dear Judge Failla:

Pursuant to Local Rule 37.2 and Your Honor's Individual Rules of Practice in Civil Cases, Rule 2(C)(ii), Petitioners GEM Global Yield and GEM Yield Bahamas Limited LLC (collectively, "GEM") respectfully request a pre-motion conference to seek leave to file a motion for expedited post-judgment discovery against Mullen Technologies, Inc., and Mullen Automotive, Inc. (collectively, "Mullen").

This Court entered the Final Judgment in this case on February 13, 2025, and granted GEM the right to take post-judgment discovery on Mullen's assets and financial status. ECF No. 148. GEM served document requests, interrogatories, and notices for deposition on March 24, 2025. *See* Exhibits A-F (collectively, the "Requests"). Under Rules 33(b)(2) and 34(b)(2)(A), Mullen's deadline to respond to the Requests is April 23, 2025. Due to Mullen's well-chronicled history of failing to satisfy its contractual obligations with GEM, its defiance of arbitral awards and court orders, its irresponsible handling of finances, and its precarious financial position as it teeters on the edge of bankruptcy, GEM asks the Court to grant this Motion and allow for expedited discovery. Specifically, GEM asks that the Court shorten the post-judgment discovery response timeframe from 30 days to 15 days, so that Mullen's responses to the Requests are due on April 8, 2025.

Counsel for GEM conferred by telephone and email with counsel for Mullen, and Mullen has stated that they oppose the relief requested in the letter motion.

**I.    Mullen's Latest Financial Maneuvers Show Evasive and Irresponsible Behavior.**

As the Court correctly acknowledged, GEM is rightfully concerned that Mullen is actively and intentionally making itself judgment proof before payment is due. Transcript of Hearing, *Mullen Technologies, Inc. v. Gem Yield Bahamas Limited*, No. 1:23-cv-11268 (KPF), ECF No. 73 (S.D.N.Y. Mar. 13, 2025) at p. 20:22-24 ("I share Mr. Nolan's concern that your client is doing things to make themselves judgment proof before the 90 days is up").

For example, Mullen's recent SEC filings show it has engaged in a pattern of evading creditors.[1] At its peak, Mullen Automative portrayed itself as an emerging electric vehicle manufacturer with strong growth potential despite only invoicing 396 vehicles for $17.1 million from inception to

---

[1] Under Federal Rule of Evidence ("FRE") 201, courts have permitted judicial notice of SEC filings and 10-Ks. *Love v. Alfacell Corp.*, No. 09-5199(MLC), 2011 WL 4915874, at *1-2 (N.J. Dist. Oct. 17, 2011); *In re Johnson & Johnson Derivative Litig.*, 865 F. Supp. 2d 545, 575 (D.N.J. 2011).

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland. For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

February 13, 2024.[2] Based in part on these promises, Mullen has taken in over $2.2 *billion* from investors as of October 31, 2024.[3] Yet Mullen's market capitalization has cratered to only around $1.05 *million* as of March 24, 2025.[4] Alarmingly, the company now purports to be virtually insolvent, with only $173 million in assets and $267 million in liabilities as of December 31, 2024,[5] down significantly from $421 million in assets at the end of fiscal year 2023.[6]

To make matters worse, Mullen is not demonstrating responsible stewardship of its remaining assets. Mullen's CEO, David Michery, has continued to enrich himself, receiving nearly $53 million in total compensation over the last two fiscal years: approximately $50 million in 2023 and $3 million in 2024. *Id*. at p. 79. Further, Mullen Automotive has admitted to overpaying for assets, such as the leases for properties in Oceanside, California, which it paid Mullen Technologies $1.4 million to acquire, despite acknowledging that the total identifiable net asset value was only $184,105. *Id*. at F-21.

Mullen has also disregarded its financial obligations in these proceedings. As Mullen admits, the arbitrator ordered it to place $24.1 million in escrow on March 9, 2024. *Id*. at F-62. Mullen has refused to comply with this order and has not provided any assurances of payment following either the arbitrator's final award on May 7, 2024, or the Court's Confirmation Order on February 13, 2025. *See* ECF No. 148. This ongoing delay exacerbates concerns about Mullen's accountability to judicial orders.

## II.  Expedited Post-Judgment Discovery Is Necessary.

GEM requests an Order shortening the response window to 15 days for post-judgment discovery regarding Mullen's assets, as well as information pertaining to transfers, conveyances, distributions, and other dissipation of property/assets.

Rule 69(a)(2) expressly permits a judgment creditor, in aid of the judgment or execution, to obtain discovery from any person, including the judgment debtor, as provided in the Federal Rules. "The Court also has authority under Rules 33(b)(2) and 34(b)(2)(A) to shorten response times" *Droblyn v. Rock-Tenn Servs., Inc.,* No. 3:13-CV-302-BN, 2014 WL 798381, at *1 (N.D. Tex. Feb. 28, 2014) (citing *Kennedy v. Full Tilt Poker,* No. CV09–07964 MMM (AGRx), 2010 WL 1709842, at *1 (C.D. Cal. Apr. 26, 2010)). A "reasonableness" or "good cause" standard applies to a plaintiff's request for expedited discovery. *New York v. Mountain Tobacco Co.*, 953 F. Supp. 2d 385, 388-89 (E.D.N.Y. 2013); *United States v. SLH2021 S.A.,* No. CV 23-2305, 2023 WL 5146470, at *4 (E.D. La. Aug. 10, 2023).

Good cause exists to expedite discovery to 15 days, as Mullen's conduct evidences an ongoing attempt to make itself judgment proof while enriching at least Michery and possibly other principals and related persons. Mullen's failure to comply with its financial obligations, including the

---

[2] Mullen Automotive, Inc., 8-K: Ex. 99.1 (Feb. 13, 2024), https://www.sec.gov/Archives/edgar/data/1499961/000155837024001023/muln-20240213xex99d1.htm

[3] Mullen Automotive, Inc., *Quarterly Report for the Period Ended December 31, 2024*, Form 10-Q (accessed Mar. 24, 2025), https://www.sec.gov/Archives/edgar/data/1499961/000143774925004413/muln20241231_10q.htm#part1.

[4] Mullen Automotive Inc., MULN Stock Price, MARKETWATCH (accessed Mar. 24, 2025), https://www.marketwatch.com/investing/stock/muln.

[5] Mullen Automotive, Inc., *Quarterly Report for the Period Ended December 31, 2024*, Form 10-Q at p. 3 (accessed Mar. 24, 2025), https://www.sec.gov/Archives/edgar/data/1499961/000143774925004413/muln20241231_10q.htm#part1

[6] Mullen Automotive, Inc., Annual Report for the Fiscal Year Ended September 30, 2024, Form 10-K at F-4 (accessed Mar. 24, 2025), https://www.sec.gov/ix?doc=/Archives/edgar/data/1499961/000143774925001816/muln20240930_10k.htm#risk

arbitrator's escrow order and the Court's confirmation order, combined with its significant financial decline, demonstrates an urgent need to gather evidence before Mullen can further dissipate its assets. Delaying discovery for an additional 15 days would risk further harm to GEM's ability to collect on its judgment, as Mullen's continued non-compliance raises concerns about its accountability and ability to pay. Any burden on Mullen is minimal compared to the size of the potential award, particularly since Mullen already collects and maintains the necessary financial information, as evidenced by its SEC filings. Expedited discovery is necessary to prevent further obstruction and ensure that GEM can protect its legal rights.

In light of the foregoing, the Court should grant GEM leave to file a motion for expedited discovery.

Respectfully submitted,

**Frank Nolan**
EVERSHEDS SUTHERLAND LLP (US)

cc:  David K. Momborquette (via CM/ECF - dmomborquette@mwe.com)
     Antonios G. Koulotouros (via CM/ECF - akoulotouros@mwe.com)