# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEM YIELD BAHAMAS LIMITED and GEM GLOBAL YIELD LLC SCS,<br><br>        *Petitioners*,<br><br>v.<br><br>MULLEN TECHNOLOGIES, INC. and MULLEN AUTOMOTIVE, INC,<br><br><br>        *Respondents*. | Civil Action No. 1:24-cv-01120-KPF |

**JUDGMENT CREDITORS FIRST SET OF POST-JUDGMENT REQUESTS**
**FOR PRODUCTION OF DOCUMENTS TO JUDGMENT DEBTORS**

Pursuant to Rule 69(a)(2) and Rule 34 of the Federal Rules of Civil Procedure,  Judgement Creditors GEM Global Yield LLC SCS and GEM Yield Bahamas Limited (collectively, "GEM" or "Judgment Creditors") request that Judgment Debtors Mullen Technologies, Inc., and Mullen Automotive, Inc. (collectively, "Mullen", "Judgment Debtors" or "You") produce within fifteen (15) days of service of these document requests (the "Requests") all responsive documents requested below that are in the possession, custody or control of Judgment Debtors, their attorneys, accountants, agents or any other individual acting on their behalf.

All documents shall be served on counsel for GEM at EVERSHEDS SUTHERLAND (US) LLP (Attn: Frank Nolan), 1114 Avenue of the Americas, The Grace Building, 40th Floor, New York, New York 10036.

Pursuant to Fed. R. Civ. P. 34(b), the documents shall be produced as they are kept in the ordinary course or shall be organized and labeled to correspond with the categories below. These

Requests should be read and interpreted in accordance with the definitions and instructions set forth below.

## Definitions And Instructions

1. The term "You" or "Your" includes Mullen Technologies, Inc. and Mullen Automotive, Inc, and all of their shareholders, members, current and former employees, agents, and attorneys.

2. "Action" shall mean the above-captioned proceeding.

3. "Asset" means any property or thing of value you owned, claimed, or held any interest in, in whole or in part, including any and all real property, tangible personal property including cash, automobiles, machinery, equipment, boats, precious metals, jewelry, furniture, and fixtures, and intangible personal property including accounts receivable, notes receivable, stocks, bonds, and other securities, retirement accounts, pensions, annuities, copyrights, patents, insurance policies, and trusts and wills for which you may be a beneficiary.

4. "Account" means any domestic or foreign account maintained with any bank, financial institution, credit card company, or other entity, regardless of how such account is titled, during the relevant time period. Account includes, but is not limited to, any checking account, savings account, credit card account, deposit account, safe deposit box, or other storage device for cash or valuables in any form. With respect to any document requests concerning an account held by a particular person, account includes all accounts in which that person has or had any legal or equitable interest or signatory authority, whether individually, jointly, in trust, in joint tenancy or tenancy by the entirety, or otherwise.

5. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether written, oral, electronic or otherwise, including but not

2

limited to emails and text messages.

6.    The term "Document" has the broadest meaning allowed by Fed. R. Civ. P. 34.

7.    The term "Relevant Time Period" includes September 27, 2021 through the present.

8.    "Judgment" means the judgment entered against you in this Action on February 13, 2025.

9.    "Revenue" or "income" means any and all money, earnings, revenue, or payments of any kind that you received in any form, whether in cash or by check, credit or debit card, electronic transfer, or otherwise, including but not limited to wages, salaries, bonuses, commissions, distributions, dividends, interest income, rents, royalties, estate income, trust income, any and all pensions and annuities, any government or nongovernmental assistance, and all other compensation or remuneration you received, whether as an employee, partner, member, shareholder, independent contractor, owner, or otherwise.

10.    All terms used herein, including but not limited to the terms "document," "communication," "person," "concerning," and "relating to," have the broadest meaning accorded to them under Fed. R. Civ. P. 33, 34 and 45, and all information should be provided in accordance with the Federal Rules and Local Rules.

11.    The terms "and," "or," and "and/or" as used herein have both conjunctive and disjunctive meanings.

12.    The term "exchange" as used herein includes provided by any one of the referenced parties.

13.    The Requests are continuing, and to the extent that your production or answers may be supplemented or otherwise modified by documents or information acquired by you subsequent to your response and production, you are to produce and serve appropriate supplemental responses

and documents to the full extent required by Fed. R. Civ. P. 26(e).

14.     If any documents or parts of documents called for by the Requests are withheld under a claim of privilege, a log is to be furnished identifying, for each such document, the reason for withholding, including a statement constituting the basis for any claim of privilege, work product, or other ground of non-disclosure, and description of the document, including (a) the date of the document; (b) the number of pages, attachments, and appendices; (c) the names of its author, authors or preparers and an identification by employer and title of each such person; (d) the names of each person to whom the document or a copy thereof was sent, shown or made accessible, or to whom it was explained, together with an identification by employer and title of each such person; (e) a description of the nature and subject matter of the document; (f) the Request(s) to which the document relates; and (g) the statute, rule or decision which is claimed to give rise to the privilege or immunity.

15.     You should produce all documents in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

16.     Unless otherwise agreed by the parties, except for spreadsheets and charts, audio files, and video files, responsive electronically stored information ("ESI") should be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained

as they existed in the original document.  Extracted full text (not OCR text) should also be delivered for each electronic document and OCR text should be delivered for any non-ESI documents to be produced in TIFF format. The extracted full text should be delivered on a document level according to the specifications above, similar to paper documents. Spreadsheets and charts, audio files, and video files should be produced in native format.

17.     If you believe any of the requests are vague or unclear, please immediately seek clarification.

## REQUESTED DOCUMENTS

1.     All your financial statements including, but not limited to, any balance sheets, income statements and/or cash flow statements, during the Relevant Time Period.

2.     All loan applications made by You during the Relevant Time Period.

3.     All documents identifying or otherwise relating to any Accounts in your name or for the benefit of you, during the Relevant Time Period, including but not limited to statements in regard to such accounts.

4.     All documents and communications related to stock performance and EIP (Employee Incentive Plan) awards granted to David Michery or any other executives, directors, or insiders including, but not limited to, the criteria for granting such awards, board approvals related to those awards, compensation committee reports related to those awards, valuations of the awards, award terms, vesting schedules, and evidence of performance targets having been met prior to and/or in relation to the awards, during the Relevant Time Period.

5.     All documents constituting or relating to any conveyances or transfers of Assets between you and David Michery or any of Mullen's officers and directors during the Relevant Time Period.

6.      All documents constituting or relating to any transfers of Assets between you and Michael Wachs, anyone related to Wachs, or any entities under Wachs' control, including, but not limited to, Esousa Holdings LLC during the Relevant Time Period.

7.      All documents reflecting compensation packages, or benefit arrangements provided to David Michery or other executives during the Relevant Time Period, including, but not limited to severance packages, golden parachutes, and other exit compensation.

8.      All documents reflecting any consulting agreements entered into between you and David Michery or other executives during the Relevant Time Period, including, but limited to, documents reflecting the terms of those agreements and any compensation provided under those agreement.

9.      All documents and communications relating to any conveyances or transfers of assets, property, or interests made to insiders, affiliates, or third parties without reasonably equivalent value during the Relevant Time Period.

10.     Documents sufficient to identify all your board members during the Relevant Time Period.

11.     All documents and communications relating to the decision-making process and approvals–including board or committee communications, internal memos, emails, and notes–concerning the transfers or issuance of compensation, bonuses, stock options, warrants, shares, or other forms of remuneration or benefit provided to David Michery or Michael Wachs or any entities and individuals identified in Requests Nos. 5 and 6.

12.     Your tax filings during the Relevant Time Period in all reporting jurisdictions.

13.     All documents related to any disclosures to and/or with the Securities & Exchange Commission or the New York Stock Exchange that relate to the Arbitration.

14.     All documents related to any decision not to disclose the Award in any filing with the Securities & Exchange Commission or the New York Stock Exchange.

15.     Documents sufficient to identify the total number of your employees and their salaries during the Relevant Time Period.

16.     Documents sufficient to show any compensation paid to your directors and officers during the Relevant Time Period.

17.     Copies of all corporate records and other such documents reflecting, stating, identifying, and/or describing:

      a.  assets located in the United States which you possess or control directly or through other persons, entities, or nominees; and

      b.  assets located outside the United States which you possess or control directly or through other persons, entities, or nominees.

18.     All bank books and savings books for accounts in institutions representing accounts in which you have any legal or equitable interests.

19.     All bank statements including canceled checks for the Relevant Time Period.

20.     All accounts receivable ledgers for the Relevant Time Period.

21.     All accounts payable ledgers for the Relevant Time Period.

22.     All deeds, leases, mortgages, or any other written instruments evidencing any interest or ownership in real property at any time during the Relevant Time Period.

23.     Bills of sale or other written evidence of any personal or real property purchased or sold during the Relevant Time Period.

24.     All stock certificates or other evidence of ownership of stocks and bonds held individually or jointly, including copies of any stock brokerage accounts maintained during the Relevant Time Period.

25.     Copies of all contracts on which you are now performing services or providing materials, or upon which someone is indebted to you for services or material already furnished.

26.     All original notes, deeds, title certificates, mortgages, or security instruments of any kind showing or tending to show the existence of debts owed to you or property personally owned by you or property in which you have a security interest.

27.     All writings or financial records in your possession or custody, or subject to your control, showing or tending to show all monies due to you, together with any records you may have showing or tending to show all persons who owe you money.

28.     All insurance policies insuring loss to any property, real or personal, which you own alone or jointly with any other person.

29.     All bills of sale, deeds, contracts or other documents showing transfer of any and all property executed by you personally or jointly with any other person during the Relevant Time Period.

30.     All documents relating to any real property you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the Relevant Time Period, including any and all:

> a.   Real estate contracts (purchase or sale).
>
> b.   Deeds.
>
> c.   Appraisals.
>
> d.   Leases.
>
> e.   Licenses.
>
> f.   Easements.
>
> g.   Rights of way.
>
> h.   Trusts.
>
> i.   Liens, mortgages, deeds in trust, or other encumbrances.
>
> j.   Escrow agreements.
>
> k.   Other documents relating to any such ownership interest.

31.     All bank statements or other account statements for any account which you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, at any bank, brokerage, investment firm, or other financial institution.

32.     All documents, communications, agreements, approvals, and board minutes concerning financings, including documentation of negotiations, term sheets, subscription agreements, and any insider participation in these financings during the Relevant Time Period.

33.     All documents, communications, agreements, approvals, and board minutes concerning convertible notes, including documentation of negotiations, term sheets, subscription agreements, and any insider participation in these financings during the Relevant Time Period.

34.     All documents, communications, agreements, approvals, and board minutes concerning equity lines of credit, including documentation of negotiations, term sheets, subscription agreements, and any insider participation in these financings during the Relevant Time Period.

35.     All documents, communications, agreements, approvals, and board minutes concerning share issuances, including documentation of negotiations, term sheets, subscription agreements, and any insider participation in these financings during the Relevant Time Period.

36.     All documents relating to vehicles, aircrafts, boats, or other water vessels you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the Relevant Time Period, including but not limited to:

    a.   Titles, licenses, and registrations.

    b.   Sales contracts, bills of sale, and other documents relating to your purchase or ownership of the vehicle, aircraft, boat, or water vessel.

    c.   Financing documents, loan documents, security agreements, and all other evidence of any other party's lien on or interest in the vehicle, aircraft, boat, or water vessel.

    d.   Documents relating to or evidencing the location of the vehicle, aircraft, boat, or water vessel.

37.     All documents relating to any and all other tangible personal property with a value over $100 which you currently own, hold, or claim any type of interest in, directly or indirectly, in

9

whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including but not limited to:

     a.  Equipment and furniture.

     b.  Computer equipment and networks.

     c.  Household furnishings, appliances, electronics, computer equipment, televisions, stereos, audiovisual equipment, and fixtures.

     d.  Jewelry, artwork, antiques, and collectibles.

     e.  Clothing.

     f.  Cash.

     g.  Precious metals.

     h.  Tools.

     i.  Appraisals, invoices, bills of sale, and other documents relating to or evidencing the value, purchase, receipt, possession, or ownership of any such tangible personal property.

     j.  All documents relating to or evidencing any other party's interest in or claim to any of your tangible personal property, including all debts or liabilities secured by, or liens, security interests, or other encumbrances in, on, or against the property.

38.    All documents relating to any and all intangible property with a value over $100.00 you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including but not limited to any and all:

     a.  Contracts.

     b.  Security agreements.

     c.  Stocks, bonds, or other evidence of ownership, equity, or investment in any business entity.

    d.  Patents, copyrights, trademarks, or other evidence of intellectual property rights.

    e.  Accounts receivable.

    f.  Notes receivable.

    g.  Corporate goodwill.

    h.  Research and development.

    i.  Retirement, pension, 401(k), and IRA accounts.

    j.  Annuities.

    k.  All documents relating to or evidencing any other party's interest in or claim to any of your intangible personal property, including all debts or liabilities secured by, or liens, security interests, or other encumbrances in, on, or against the property.

39.    All documents relating to or evidencing any transaction in which you transferred any interest in any of your assets over the value of $100, in whole or in part, to any transferee during the relevant time period, including but not limited to:

    a.  Contractual agreements, including all drafts and markups.

    b.  Certificates of title or deeds.

    c.  Publicly filed documents relating to the transaction.

    d.  Correspondence, internal memoranda, notes, or other records relating to the transaction.

40.    All documents you provided to any transferee in connection with any due diligence such transferee conducted before engaging in any transaction identified in Request No. 39, above.

41.    If you claim that any of your revenue, income, or assets are exempt from collection, all documents evidencing the basis for such exemption.

42.    All documents relating to any debts you owed or incurred during the Relevant Time Period, including but not limited to:

    a.   Documents identifying the name of the creditor, the amount owed, when the debt was incurred and for what reason, whether all or any portion of the debt was paid, when all or any portion was paid, and any remaining balance on all such debts.

    b.   Documents on which each such debt is based, including contracts, bills, invoices, statements, agreements, mortgages, loan agreements, and all correspondence and other documents comprising, memorializing, or evidencing communications relating to each such debt.

    c.   Documents relating to or evidencing any payment you made on any such debts.

43.    Documents relating to any effort to collect any debt from you by any creditor, collection agency, attorney, or other party acting on behalf of any creditor, including demand letters, default notices, forbearance agreements, collection letters, liens, lis pendens, lawsuits, judgments, petitions, complaints, summonses, or other legal process.

44.    Documents relating to any and all debts or liabilities owed to you by third parties, including, but not limited to, all claims, causes of action, lawsuits, judgments, or liens you now have or had at any time during the Relevant Time Period against any third party.

45.    All documents relating to or evidencing any third party's possession, ownership, or control of any of your assets, in whole or in part, including but not limited to:

    a.   Contractual agreements, including all drafts and markups.

    b.   Certificates of title or deeds.

    c.   Publicly filed documents relating to the third party's possession or ownership interest.

    d.   Correspondence, internal memoranda, notes, or other records relating to the third party's possession or ownership interest.

46.    All documents relating to policies of insurance you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or were covered under during the

Relevant Time Period, including but not limited to any and all policies, contracts, notices, amendments, modifications, and renewals of any such policy.

47.     All documents relating to any corporation, subsidiary, limited liability company, trust, partnership, or other business entity of any kind or nature in which you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or in which you owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the Relevant Time Period, including but not limited to:

> a.  Articles of incorporation or organization, charters, bylaws, partnership agreements, shareholder agreements, or other formational documents evidencing the existence of the entity.
>
> b.  All stock certificates or other documents relating to or evidencing your ownership of shares, units, membership interests, partnership interests, or other ownership interests in the entity.
>
> c.  Corporate minute books, minutes of organizational meetings, or documents relating to or evidencing the entity's organization, ownership, managerial structure, and adherence to corporate or other organizational formalities.
>
> d.  Appraisals, valuations, and other documents relating to or evidencing the value of your ownership interest in any such entity.

48.     Documents sufficient to identify your routine business expenses, including but not limited to:

> a.  Operating costs.
>
> b.  Rental obligations.
>
> c.  Payroll and benefits.
>
> d.  Outstanding loans.
>
> e.  Installment payments.
>
> f.  Mortgage payments.

g.  Loan payments and financing charges on vehicles, equipment, and supplies.

h.  Payments due under contracts.

i.  Royalty payments and license fees.

j.  Commissions owed to brokers, dealers, or representatives.

k.  Legal, accounting, and other professional fees.

l.  Advertising and marketing costs.

m.  Other routine debts and expenses that occur on a regular basis.

49.    All documents maintained on your behalf by any certified public accountant and/or accounting service utilized by you, during the Relevant Time Period.

50.    All communications with any third party (other than your counsel) concerning or referring to: (a) your intention or ability to place any asset beyond the reach of creditors; (b) the ability of any creditor to execute on or seize any asset of yours; (c) whether any asset could be seized/executed upon by a creditor; or (d) any stay of execution of the judgment entered in this lawsuit.

51.    All documents and correspondence relating to attempts to sell, spin-off, transfer, or dispose of assets valued above $1,000,000 USD during Relevant Time Period.

52.    All documents and correspondence relating to attempts to sell, spin-off, transfer, or dispose or divisions of Mullen, including Bollinger Motors, the Tunica plant, and Electric Last Mile Solutions during the Relevant Time Period.

53.    All Documents referenced in your responses to the interrogatories served herewith.

Dated March 24, 2025.

*s/ Francis X. Nolan, IV*
Francis X. Nolan, IV
**EVERSHEDS SUTHERLAND (US) LLP**

14

1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
franknolan@eversheds-sutherland.com
***Counsel for Judgment Creditors/Petitioners***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Judgment Creditors First Set of Post-Judgment Requests for Production of Documents to Judgment Debtors, was served on March 24, 2025, via e-mail, on all counsel or parties of record who have appeared in this action.

*s/ Francis X. Nolan, IV*
Francis X. Nolan, IV