**Eversheds Sutherland LLP (US)**
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, NY
10036-7703

D: 212.389.5083
F: 212.389.5099

franknolan@eversheds-sutherland.com

April 24, 2025

**VIA ECF AND EMAIL**
Hon. Katherine Polk Failla, U.S.D.J.
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re:  **_GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc., et al. Case No. 1:24-cv-01120-KPF – Response to Letter For Pre-Motion Conference Regarding Certain Subpoenas and Notices Issued By Petitioners_**

Dear Judge Failla:

Pursuant to Local Rule 37.2, and Your Honor's Individual Rules of Practice in Civil Cases, Rule 2(C)(ii), Petitioners GEM Global Yield and GEM Yield Bahamas Limited LLC (collectively, "GEM") respectfully submit this response to Respondents' Letter For Pre-Motion Conference Regarding Certain Subpoenas and Notices Issued By Petitioners, filed on April 21, 2025 as ECF No. 179 ["Letter Motion"].

For the reasons set out below, Petitioners request that the Court deny Respondents' request immediately, without a conference, and direct that the depositions are to proceed next week as noticed. Indeed, the first of the two 30(b)(6) depositions is scheduled for this Monday, April 28 in New York, but Respondents have not designated any witness(es) nor even indicated that they intend to do so and appear.

## Background

The Court entered final judgment in Petitioners' favor on February 13, 2025, confirming the arbitral awards at issue in this action and ordering Respondents to pay the amounts awarded plus pre-judgment interest and post-judgment interest by May 7, 2025 ("Final Judgment"). ECF No. 148.

Mullen has consistently disregarded its financial obligations in these proceedings. As Mullen admits, the arbitrator ordered it to place $24.1 million in escrow on March 9, 2024. _Id._ at F-62. Mullen has refused to comply with this order and has not provided any assurances of payment following either the arbitrator's final award on May 7, 2024, or the Court's Final Judgment.

As the Court has acknowledged, GEM is rightfully concerned that Mullen is actively and intentionally making itself judgment proof. Transcript of Hearing, Mullen Technologies, Inc. v. Gem Yield Bahamas Limited, No. 1:23-cv-11268 (KPF), ECF No. 73 (S.D.N.Y. Mar. 13, 2025) at p. 20:22-24 ("I share Mr. Nolan's concern that your client is doing things to make themselves judgment proof before the 90 days is up"). Accordingly, GEM served post-judgment discovery requests and notices for deposition and issued deposition subpoenas to two Mullen officers.

## GEM Properly Noticed the Depositions for New York

Mullen argues that there is a "presumption" in favor of venuing a deposition in a defendant's district of residence, in this case California. "Courts, however, have substantial discretion to determine the site of a deposition, so 'the presumption appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other.'" _Robert Smalls Inc. v. Hamilton_, No. 09CIV.7171(DAB)(JLC), 2010 WL 2541177, at *1 (S.D.N.Y. June 10,

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland.  For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

2010) (quoting *Mill–Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y.1989))); *see also Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985) ("Corporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all parties and in the general interests of judicial economy."). "This presumption is based on the idea that a plaintiff usually may choose the forum for a lawsuit, but a defendant may not." *Id.* "Factors guiding the Court's discretion include the cost, convenience, and litigation efficiency of the designated location." *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.,* No. 19CIV4355LGSGWG, 2020 WL 4034733, at *2 (S.D.N.Y. July 17, 2020) (quoting *SEC. v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017)). Further, "this presumption loses its force in cases where the plaintiff's choice of forum is effectively constrained." *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp*., 203 F.R.D. 98, 107 (S.D.N.Y.2001); *In re Livent, Inc. Sec. Litig.*, No. 98 Civ. 5686, 2002 WL 31366416, at *1 (S.D.N.Y. Oct. 21, 2002).

In this case, New York is the most sensible location for the noticed depositions. Every proceeding related to this action has occurred in New York. This litigation, the underlying arbitration, and the rescission action that Mullen brought and subsequently dismissed only after GEM filed a motion to dismiss, all took place in New York. *See Mullen Technologies, Inc. v. Gem Yield Bahamas Limited*, No. 1:23-cv-11268 (KPF) (S.D.N.Y.). Counsel of record for both Mullen and GEM are in New York, so it is also more cost effective to have Mullen's witnesses fly from California to New York than to have multiple attorneys travel to California and to reserve facilities for the depositions.

Mullen does not claim that producing witnesses in New York City is burdensome. Nor could it credibly do so, as Mullen expressly agreed to litigate in New York pursuant to Section 9.02(b) of the SPA, which states all disputes be arbitrated in New York City. And, of course, Mullen has already affirmatively chosen to avail itself of this court's jurisdiction by filing the rescission action in the Eastern District of New York involving the same legal issues.

GEM prefers the depositions—of David Michery, Jonathan New, and Mullen's corporate representative(s)—all take place in New York and has noticed all depositions for New York. As an alternative, GEM has also subpoenaed the individual witnesses to be deposed in California, but those depositions will only occur there if the Court rules New York is not a suitable option. If the Court prefers the depositions to take place in California, GEM will proceed accordingly and without delay. Regardless, the depositions should go forward on the noticed dates of April 28 and 29.[1]

### The 30(b)(6) Topics Are Proper

Mullen's complaints about topics of the 30(b)(6) depositions are also unfounded. The topics for the noticed 30(b)(6) depositions are standard post-judgment debtor deposition topics, well within the bounds of what is proper under the circumstances. "Federal Rule of Civil Procedure 69, which provides judgment creditors with authorization to conduct post-judgment discovery, permits wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings." *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) (internal quotations omitted). "In fact, the scope of post-judgment discovery is broad, ... and a [judgment creditor] is entitled to a very thorough examination of a judgment debtor with respect to its assets." *Id*. (internal quotations omitted). It therefore comes as no surprise that Respondents did not serve specific objections to any of the topics and do not offer any authority showing that such post-judgment debtor deposition topics are not proper. Instead, Respondents simply make an insufficient and improper general objection.

Mullen's quibbles about the timeframe of the deposition topics are also misplaced. Topics 1, 2, 4, and 8 are necessarily limited by timeframe because they concern Respondents' forthcoming

---

[1] If Court rules that the 30(b)(6) depositions should be in California, the start time of the deposition on April 28th will need to be moved back from to 1pm, or, alternatively, the 30(b)(6) depositions should proceed on April 29-30.

responses to post-judgment discovery requests, current assets and liabilities, and discussions of the February 2025 Final Judgment. For the remaining topics, and consistent with Petitioners' pending discovery requests, the relevant timeframe is September 1, 2021 through the present.

### GEM Has Tendered Witness Fees

As Mullen acknowledges in footnote 3 of its letter, GEM has tendered witness fees for the deposition subpoenas to Michery and New. GEM had a process server on stand-by to serve the deposition subpoenas with witness fee checks on Michery and New but first inquired whether Mullen's counsel would accept service of the subpoenas. Counsel confirmed they would, and Petitioners sent the subpoenas to Mullen's counsel by email and sent witness fee checks directly to Mullen's counsel's office.

### The Subpoenas Are Proper[2]

In the event the Court finds issues with the deposition notices, GEM should still be permitted to move forward with the depositions of Michery and New pursuant to the subpoenas, which are proper and justified in this situation.

It is well settled that "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts," and "[i]t is not uncommon to seek asset discovery from third parties . . . that possess information pertaining to the judgment debtor's assets." *In re Subpoenas Served on Lloyds Banking Group PLC*, No. 21-mc-376 (JGK), 2021 WL 5708721, at *3 (Nov. 26, 2021) (quoting Fed. R. Civ. P. 69(a)(2) (emphasis added). Rule 69 provides that "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from **any person** — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." *In re Subpoenas* (quoting Fed. R. Civ. P. 69(a)(2) (emphasis added). "New York state's post-judgment discovery procedures, made applicable to proceedings in aid of execution by Federal Rule 69(a)(1), have a similarly broad sweep," providing that a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment." *Id*. (citing N.Y. C.P.L.R. § 5223).

Courts routinely enforce subpoenas to non-parties that seek information regarding hidden assets. *E.g*., *Jacobson v. Moller & Moller, Inc.,* No. CV 2002-6316, 2007 WL 1989260, at *1 (E.D.N.Y. July 5, 2007). "Under section 5223, discovery is permitted against a non-party to discover facts relating to the assets of the judgment debtor." *Id*. (internal quotations omitted). "Specifically, a judgment debtor is entitled to examine third parties to determine if a judgment debtor has concealed or transferred assets applicable to satisfying its judgment." *Id.* (internal quotations omitted).

Respectfully submitted,

**Frank Nolan**
EVERSHEDS SUTHERLAND LLP (US)

cc:   David K. Momborquette (via CM/ECF - dmomborquette@mwe.com)
      Antonios G. Koulotouros (via CM/ECF - akoulotouros@mwe.com)

---

[2] In a footnote, Respondents complain about the timing of the depositions in the subpoenas. Of course, none of the discovery sought by Petitioners would be necessary had Respondents paid the Final Judgment or otherwise complied with their financial obligations under the arbitral awards and this Court's Orders. In any event, and contrary to Respondents' counsel's assertion in their letter, during the meet and confer Petitioners' counsel did state that Petitioners would consider alternative dates proposed by Respondents, but Respondents offered no alternative dates. As such, the depositions should move forward on the noticed dates next week.

The Court has reviewed Respondents' letter motion for a Local Rule 37.2 Conference (Dkt. #179) and Petitioners' letter in opposition (Dkt. #180). Respondents seek to quash two deposition notices (the "Notices") issued to the respective corporate representatives of Mullen Automotive, Inc. ("MAI") and Mullen Technologies, Inc. ("MTI"), and two subpoenas (the "Subpoenas") respectively issued to David Michery (the CEO, President, and Chairman of MAI, and the Chairman of MTI) and Jonathan New (the CFO of MAI), on three different grounds.  For the following reasons, the Court GRANTS Respondents' application in part and DENIES their application in part.

*First*, Respondents claim that Petitioners improperly noticed the corporate representative depositions for New York, rather than for the principal place of business of each corporation (Delaware or California for MAI, and California for MTI).  The Court has discretion to deviate from the rebuttable presumption that such depositions take place in the state where a corporation has its principal place of business.  *See, e.g.*, *SEC* v. *Collector's Coffee Inc.*, No. 19 Civ. 4355 (LGS) (GWG), 2020 WL 4034733, at *2 (S.D.N.Y. July 17, 2020); *Lewis* v. *Madej*, No. 15 Civ. 2676 (DLC), 2016 WL 590236, at *3 (S.D.N.Y. Feb. 11, 2016).  But given that Petitioners have indicated their willingness to conduct these depositions in California (*see* Dkt. #180 at 2), the Court sees no need to deviate from the governing presumption and hereby ORDERS that the depositions of MAI's and MTI's respective corporate representatives take place in California on the noticed dates (subject to whether the parties agree to change these dates, as discussed *infra*).

*Second*, Respondents argue that the Notices do not "describe with reasonable particularity the matters for examination," in violation of Fed. R. Civ. P. 30(b)(6).  "The Court must evaluate 'reasonable particularity' based on the nature of the topics listed in the deposition. 'Reasonable particularity' requires the topics listed to be specific as to subject area and to have discernible boundaries."  *Winfield* v. *City of New York*, No. 15 Civ. 5236 (LTS) (KHP), 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018).  This means that "the topics should be substantively and temporally relevant to the claims or defenses."  *Id.*  The Court finds that the topics in the Notices are substantively and temporally relevant to post-judgment discovery under Fed. R. Civ. P. 69, especially considering that topics 1, 2, 4, and 8 are necessarily limited in their timeframe, and that Petitioners represent that the relevant timeframe for topics 3, 5, 6, and 7 is September 1, 2021, through the present.  (Dkt. # 180 at 2-3). Additionally, the Court finds no basis to conclude that Petitioners have failed to confer in good faith regarding the topics of examination.

*Third*, Respondents argue that the Subpoenas are facially invalid because Petitioners failed to tender the requisite witness fee for each subpoena, as required by Fed. R. Civ. P. 45(b)(1).  The Court, however, accepts Petitioners' representation that they have tendered witness fees for the Subpoenas to Mr. Michery and to Mr. New.  (Dkt. # 180 at 3).  Furthermore, "even if the Court were to deem the subpoena[s] invalid and grant the motion to quash on this basis, [Petitioners] could readily correct this defect by promptly re-serving the subpoena[s] along with the witness fee."  *KOS Bldg. Grp., LLC* v. *R.S. Granoff Architects, P.C.*, No. 19 Civ. 2918 (PMH) (LMS), 2020 WL 1989487, at *4 (S.D.N.Y. Apr. 24, 2020).

*Fourth*, Respondents argue that the Subpoenas are impermissibly duplicative because Petitioners do not require the testimony of Messrs. Michery and New on top of the testimony of a corporate representative from both MAI and MTI.  However, especially given the concerns that the Court has previously expressed regarding Respondents' efforts to make themselves judgment proof, the Court finds that the Subpoenas of Messrs. Michery and New do not seek duplicative testimony, but rather seek testimony that is relevant to the execution of the Court's Judgment.  *See In re Subpoenas Served on Lloyds Banking Grp. PLC*, No. 21 Misc. 376 (JGK), 2021 WL 5708721, at *3 (S.D.N.Y. Nov. 26, 2021) ("It is well settled that broad post-judgment discovery in aid of execution is the norm in federal and New York state courts, and it is not uncommon to seek asset discovery from third parties ... that possess information pertaining to the judgment debtor's assets." (internal quotation marks omitted and alteration adopted)).

*Finally*, Respondents in a footnote argue that noticing the depositions of MTI's and MAI's respective corporate representatives to take place on April 28, 2025, and April 29, 2025, imposes an undue burden on Respondents.  (Dkt. #179 at 3 n.2).  However, Petitioners have indicated their willingness to "consider alternative dates proposed by Respondents."  (Dkt. # 180 at 3 n.2).  Accordingly, the Court hereby ORDERS the parties to meet and confer regarding alternative dates proposed by Respondents.

The Clerk of Court is directed to terminate the pending motion at docket entry 179.

Dated:    April 25, 2025           SO ORDERED.
          New York, New York

                                    *[signature: Katherine Polk Failla]*

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE